NO. 83-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF
WILLIAM RONALD CARR,

        Petitioner and Appellant,

-vs-

DENISE DEAN CARR,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell, Missoula,
        Montana

    For Respondent:

        Mulroney, Delaney & Dalby; Mars P. Scott,
        Missoula, Montana

---

Submitted on Briefs:  May 12, 1983

Decided:  August 4, 1983

Filed:  AUG 4 1983

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, William Ronald Carr, husband in a marital dissolution proceeding, appeals from an order amending the judgment entered by the District Court of the Fourth Judicial District, Missoula County.

William and Denise were married on January 26, 1963. They have two children; one is a minor, the other is emancipated but living in the family home. The major assets of the marriage include the family home, an investment account worth over $20,000, William's United States Forest Service retirement pension, and a refund from their 1981 federal and state withholding taxes.

Pursuant to the terms of the property settlement agreement William received personal property valued at $3,395; $9,035 from the investment account, one-half of the 1981 tax return valued at $1,010.50; and exclusive right to the retirement pension. Denise received furniture and household goods valued at $7,265; $10,345 from the investment account; and one-half of the 1981 tax refund. The parties further agreed that Denise would retain possession of and maintain the family home until the minor child turns eighteen, or Denise moves from the home or remarries. William is responsible for the monthly mortgage installments, insurance, and taxes on the home. Upon termination of Denise's right to use the home, William will be reimbursed for all principal paid by him from January 1, 1982, with the remainder of the net proceeds to be divided equally between the parties.

William is employed by the United States Forest Service and has a net monthly income of $1,980.42. He also sells

Provida Food Supplements Dehydrated and Skin Care Products. He is in good health and his job is secure.

Denise was a mother and homemaker for the nineteen years of their marriage. She has no vocational skills, but is currently employed by Teleprompter in Missoula where she earns $3.50 an hour. Her net monthly income, calculated from her 1981 W-2 form, is $696.75. She has high blood pressure, one kidney, and is in need of medical attention.

On July 9, 1982, the District Court entered findings of fact and conclusions of law; judgment followed September 8, 1982. The District Court awarded Denise $80 per month maintenance and $200 per month for each minor child. The District Court further ordered William to pay all attorney fees.

William moved the District Court to amend its judgment and findings of fact and conclusions of law to reduce the maintenance and child support payments, and eliminate his responsibility for Denise's attorney fees. The District Court reduced only the maintenance payment from $180 per month to $100 per month. Responsibility for the attorney fees was not altered. It is from this amended judgment that William appeals.

The issues are:

1. Did the District Court err in awarding maintenance to Denise?

2. Did the District Court err in ordering William to pay Denise's attorney fee?

The guidelines for an award of maintenance are set forth in 40-4-203, MCA.

The parties were married for nineteen years. During that time Denise was a wife, mother, and a homemaker. She

did not acquire the skills or experience necessary to meet the standard of living established during the marriage. It is also clear that her physical health is in doubt. William is able to provide Denise with maintenance while maintaining his established standard of living. Furthermore, both children are living with Denise, but William is only required to pay support for one child.

After two days of hearings, the District Court found that Denise required and William could pay $180 per month for maintenance. The District Court later amended that finding and reduced the required payment to $100 per month.

The standard of review of the District Court is set forth in Rule 52(a), M.R.Civ.P., as follows:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

We have held that his Court's function is to review the lower court's findings in light of the record and to make certain the findings are not clearly erroneous. Peckenpaugh v. Peckenpaugh (1982), _____ Mont. _____, 655 P.2d 144, 39 St.Rep. 2132, LeProwse v. LeProwse (1982), _____ Mont. _____, 646 P.2d 526, 39 St.Rep. 1053; Jensen v. Jensen (1981), _____ Mont. _____, 629 P.2d 765, 38 St.Rep. 1109. In light of the factors previously stated, we find no clear error by the District Court in requiring the maintenance payments.

The second issue is whether the District Court erred in ordering William to pay Denise's attorney fees. Section 40-4-110, MCA, provides:

> "Costs--attorney's fees. The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under

- 4 -

chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

This Court has held:

"Traditionally, a showing of necessity has been a condition precedent to the exercise of the court's discretion to award attorney fees. Whitman v. Whitman (1974), 164 Mont. 124, 519 P.2d 966. But the lower court's discretion in the matter will not be disturbed if substantial evidence is found in the record to support the award." Kaasa v. Kaasa (1979), ____ Mont. ____, 591 P.2d 1110, 1114, 36 St.Rep. 425, 430.

"Here, the trial court was well aware of the parties' financial situations. It did not abuse its discretion in making an award of reasonable attorney fees, based on necessity. Houtchens v. Houtchens (1979), ____ Mont. ____, 592 P.2d 158, 36 St.Rep. 501, 505." Bailey v. Bailey (1979), ____ Mont. ____, 603 P.2d 259, 261, 36 St.Rep. 2162.

In the present case the District Court was provided ample evidence to determine the financial situation of the parties. William has greater earning potential, a much larger salary, a secure pension, and is in good health. Denise, on the other hand, is of doubtful health, does not have an established retirement pension, and does not have as much earning potential as William. Based on these factors the District Court did not abuse its discretion in awarding Denise attorney fees. The judgment of the District Court is affirmed. The cause is remanded for a determination of reasonable attorney fees.

John C. Sheehy
_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-