No. 84-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
JOY M. SCHENCK,

Petitioner and Respondent,

-vs-

JOSEPH W. SCHENCK,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hartelius & Ferguson; Cameron Ferguson, Great Falls,
Montana

For Respondent:

Church, Harris, Johnson & Williams; Don A. LaBar,
Great Falls, Montana

Submitted on Briefs: July 27, 1984

Decided: November 15, 1984

Filed: NOV 15 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Joseph W. Schenck appeals from a decree of dissolution of his marriage to Joy M. Schenck, entered in the District Court, Eighth Judicial District, Cascade County, which awarded Joy spousal maintenance of $500 per month.

On appeal, Joseph argues that the court did not consider the statutory requirements for an award of maintenance to Joy, that the award of maintenance awarded was excessive, and that there should have been a limit on the duration of the maintenance award. On consideration of these issues, we affirm.

The parties were married on January 30, 1965. Two children were born during the marriage. Both have reached majority, the younger on September 20, 1984. At the time of the divorce, Joseph was 42 years old and Joy was 37 years old. She was in normal health except for a back condition which prevents her from lifting heavy objects.

Joseph is employed by the Burlington Northern Railroad as a car man. His 1983 gross income was $34,201 and his net income, including his overtime, $24,030. His base pay for 1983 would have allowed him $1,700 per month in take-home pay.

Joy had worked at various temporary jobs during the marriage, but she was primarily a homemaker. She has, however, worked as a real estate salesperson since the middle of 1982. Her net income in the year 1983 appears to have been $10,668, less business expenses of $5,079.

The District Court found the net marital estate to be $63,855. Joy was awarded:

| | |
|---|---|
| Personal Property Distributed | $7,825 |
| Less Liabilities Assumed | 1,499 |
| | $6,326 |

| | |
|---|---|
| Difference in Value of Personal Property (to be paid when house sells) | $5,525 |
| Excess in Savings Account after Equal Division | 573 |
| Half of Equity in House after Distribution to her of $5,525 ($43,979 - $5,525) x 50% = | $19,227 |
| Total | $31,651 |

Essentially the District Court awarded Joy one-half of the marital estate. The principal asset of the estate is a house "in the country" valued at $110,000 in which the parties have an equity of approximately $44,000. The District Court provided that Joseph should make payments of $686 per month until the house is sold. The proceeds of the sale of the house are to be divided equally between the parties in accordance with the court's directions.

Joseph showed monthly living expenses of approximately $500. Joy showed average monthly living expenses of $1,000 for herself and the child. The court actually awarded to Joy $250 in monthly child support to be paid by Joseph until the younger child turned 18, and $250 in maintenance. After September 20, 1984, the amount of maintenance shall be $500 per month.

On the first issue, whether the District Court should have awarded maintenance to Joy, Joseph argues that under section 40-4-203, MCA, the court may only grant maintenance for a spouse if two conditions are present: the spouse seeking maintenance lacks sufficient property to provide for her needs and is unable to support herself through appropriate employment. Here, Joseph contends, after the sale of the house Joy will have approximately $22,000 to

invest and a net income from her real estate business of at least $500 per month. He maintains, therefore, that the qualifications required under the statute for maintenance were not established in this cause.

On the first issue Joy answers that this Court will not substitute its judgment for that of the District Court but rather determine whether there is substantial evidence to support the findings and conclusions of the District Court. and Marriage of Thompson (Mont. 1984), 676 P.2d 223, 41 St.Rep. 237; Kowis v. Kowis (Mont. 1983), 658 P.2d 1084, 40 St.Rep. 149; Carr v. Carr (Mont. 1983), 667 P.2d 425, 40 St.Rep. 1263.

Joy's answer to the first issue does not fully meet the contention raised by Joseph that section 40-4-203, MCA, requires a finding by the court that the spouse receiving maintenance lacks sufficient property to provide for her needs and is unable to support herself through appropriate employment. The District Court, however, did recite that it had considered this statute in making the maintenance award.

There are factors in the record which make it clear that the District Court was correct in awarding maintenance to Joy. At the time of the divorce, after a marriage of 19 years, she had little more than one year's experience as a real estate salesperson. It was impossible for the District Court to determine her probable income from such an occupation without her further experience. After the residence of the parties is sold, she will undoubtedly incur rental expense. Considering the duration of their marriage, the short period of her business experience, and the husband's ability to pay, it appears satisfactorily from the record that the requirements of section 40-4-203, MCA, are

met in that she does not have sufficient property to provide for her needs nor is there sufficient proof in the record to establish that she is able to support herself through appropriate employment.

Joseph's second contention is the amount of maintenance is excessive. Here we face a matter of judgment essentially within the broad discretion of the District Court which we may not set aside unless the District Court is clearly erroneous. Joseph contends that his potential for future railroad retirement benefits may have been considered by the District Court, but nowhere in the record is there any indication that the court did take his potential railroad benefits into consideration.

The third issue is whether the District Court should have placed a limit on the period of time that Joseph should pay maintenance. Here, Joseph argues that a permanent award in effect subsidizes Joy so she will have little incentive to improve her earnings from her work as a real estate salesperson. The factors, however, which the Court is required to consider in connection with the award of maintenance are those in section 40-4-203(2), MCA. These include not only the financial resources of the parties seeking maintenance, but the standard of living established during the marriage, the duration of the marriage, the age and physical condition of the spouse seeking maintenance, and the ability of the spouse for whom maintenance is sought to meet her needs while meeting those of the spouse seeking maintenance.

The District Court found that the present monthly expenses for Joy and her child living with her averaged $900 to $1,000 per month. It found that after the house is sold

and she must pay rent, her expenses will increase $300 to $400 per month. She must also provide for her own health insurance, dental care, and plan for her future. Based on her sales experience, the District Court found that a fair assessment was she would not earn more than $600 per month net take-home pay. The court had before it little or no evidence to forecast a date in the future when the amount of maintenance required by her would be less than $500 per month or nothing at all. In the exercise of its discretion, the District Court made a determination which provides maintenance without a time limit. The protection to Joseph for changed circumstances in the future lies in the provisions for modification of the maintenance award under proper circumstances under section 40-4-208, MCA. In the meantime, this Court has no more basis upon which to limit the duration for maintenance than did the District Court.

The decree of the District Court with respect to maintenance is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 6 -