No. 85-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF
LEOLA FLOERCHINGER KORPELA,

Petitioner and Respondent,

and

JOHN L. KORPELA,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Frisbee, Moore & Stufft; Robert G. Olson, Cut Bank,
Montana

For Respondent:

Alexander & Baucus; J. David Slovak, Great Falls,
Montana

Submitted on Briefs: Sept. 12, 1985

Decided: December 18, 1985

Filed: DEC 18 1985

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Husband, respondent in a dissolution entered September 8, 1983, appeals a final judgment entered in the Eighth Judicial District, Cascade County, on January 22, 1985, following a post-dissolution hearing on reserved issues, including property distribution and maintenance.

We affirm the judgment. This Court finds nothing in the record to establish that the findings of fact and conclusions of law are clearly erroneous. Appellant has not shown an abuse of discretion.

Appellant raises two issues:

1. Did the District Court err in awarding maintenance to Leola Floerchinger Korpela of $500 per month for ten years?

2. Did the District Court err in ordering John Korpela to pay one-half of Leola Korpela's attorney fees incurred in the dissolution?

Leola and John Korpela entered into a common-law marital arrangement sometime after July 1963. This common-law marriage continued until dissolution by court order dated September 8, 1983. The court ordered an undetermined trial date of the remaining issues reserved, including maintenance and equitable property division, if the parties could not come to an agreement. After unsuccessful settlement efforts, the court finally held a hearing on April 25, 1984, and entered its findings of fact, conclusions of law and judgment on January 25, 1985.

The record discloses that for the first ten years of the Korpela marriage, the couple lived in Leola's home in Conrad, Montana. In the early years, her four minor children

2

from a prior marriage lived with them. Leola performed all the homemaker functions and also worked full-time as a nurse's aid. During this period she was the principal bread-winner while John was building his truck-driving business. In late 1975 the Korpelas purchased "the farm" on a contract for deed with a down payment from an inheritance John received from his mother's estate. The couple moved to a house on this ten-acre parcel several miles outside Conrad.

The court found that the Korpelas had total marital assets of $153,140 and distributed a total of $69,970 to Leola, including "the farm," a savings account of $4,000, an insurance policy of $1,000, her retirement account of $4,070, and her vehicle worth $5,000. John received $83,170, including his business equipment, a $31,868 retirement account, and nearly $6,000 in savings. John was solely liable for the $24,078 on his unpaid taxes for 1982 and 1983. Each was liable for one-half the balance of $13,872 remaining on the contract for deed.

The court also found that Leola had made a significant contribution to the marriage both as a homemaker and a full-time wage earner for the entire marriage. During the first ten years she "shouldered the burden of all necessary living expenses," allowing John to establish a very profitable business, to acquire equipment, and to accumulate a large retirement account. She also contributed to the maintenance and improvement of the farm property acquired in late 1975.

The court determined that Leola would quickly deplete her savings account as her monthly income of $700 take-home pay cannot satisfy her expenses and also her obligation to pay on the property. Because of her age of sixty-three, her length of service as a nurse's aid, and her physical

condition, her employment is reaching an end and therefore she needs continuing maintenance to meet her expenses and obligations. John testified that he had made the temporary maintenance payment of $500 per month without going into his savings. The record reflects increasing income approaching $40,000 in 1982. The court determined that he could afford to pay maintenance. The record indicates that at age fifty-five with a truck-driving business becoming more profitable, John has ten years to retirement and adequate foreseeable income. After hearing evidence on attorney fees at the hearing, the court also determined that John is in a superior financial position and ordered him to pay half of Leola's attorney fees pursuant to court discretion under § 40-4-110, MCA.

1. Maintenance. Appellant contends that the court did not apply the proper statutory criteria to determine maintenance under § 40-4-203, MCA (1983). Maintenance is allowed when two conditions exist: (1) party seeking maintenance lacks sufficient property to provide for her reasonable needs; and (2) she is unable to support herself through appropriate employment. We find, however, that in Finding of Fact No. 22, the court clearly considered these two factors in awarding maintenance and also determined the additional factor not mentioned by appellant which is necessary in determining maintenance, i.e., the ability of the husband to pay and still meet his own needs.

The record clearly supports a finding that Leola lacks sufficient property to provide for her reasonable needs. "The farm" is a residence with acreage and to rent it would not provide appreciable income after taxes and expenses. Leola's income is not sufficient to take care of her needs, including the expense of making her share of the payment on

4

the property. The record indicates that John has adequate income to pay maintenance and meet his needs.

The determination of maintenance and the amount of maintenance are matters within the broad discretion of the District Court which this Court will not disturb unless clearly erroneous. In Re the Marriage of Schenck (Mont. 1984), 692 P.2d 6, 9, 41 St.Rep. 2137, 2139. The findings and conclusions indicate the employment of conscientious judgment in arriving at a substantially just result. In re the Marriage of Laster (Mont. 1982), 643 P.2d 597, 601, 39 St.Rep. 737, 740. (Citations omitted.) The court considered Leola's limited income, her long-term employment in an exhausting job, her age, her inability to meet completely her needs including the payment on the property. "Sufficient property" to provide for her needs is income-producing property. Laster, supra. Appellant's speculation that "the farm" could be rented is speculative at best and not supported by the record. There was no evidence that it was income-producing. We find no abuse of discretion in the award of maintenance.

2. Attorney fees. Appellant argues that the issue of attorney fees was res judicata in the 1983 decree because Leola's attorney failed to present evidence on attorney fees in the 1983 dissolution proceeding and because the court failed to reserve the issue for the final judgment. The 1983 decree specifically concluded:

> 4. That if the parties cannot agree upon any or all of the issues reserved, including maintenance and equitable determination of property rights, a pretrial conference shall be held on the 8____ [sic] day of November__, 1983 @ 4:30 P, [sic] and a trial date of the remaining issues shall then be fixed.

5

Obviously, the court did not limit the issues reserved to maintenance and property distribution. Had the court refused to award attorney fees without setting forth its reasons, the matter would not be res judicata but would have called for a remand to indicate the reasons for refusal. In Re the Marriage of Perry (Mont. 1985), 704 P.2d 41, 43, 42 St.Rep. 1101, 1105-1106.

Here the court had the discretion to award attorney fees under § 40-4-110, MCA (1983). The court stated its reasons for the award of half of Leola's attorney fees in Finding of Fact No. 23: John is in a far superior financial position, given the evidence on their financial resources. Finding No. 23 detailed the testimony on reasonableness of fees. There appears to be no abuse of discretion in this award, where the court considered evidence on the parties' relative financial situations. In Re the Marriage of Carr (Mont. 1983), 667 P.2d 425, 427, 40 St.Rep. 1263, 1266.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices