No. 86-13

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
MORTY PAUL FORNEY,

Petitioner and Appellant,

and

SHELLY ANN FORNEY,

Respondent and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer; Jerrold L. Nye, Billings, Montana

For Respondent:

Linda Harris, Billings, Montana

_____

Submitted on Briefs: March 21, 1986

Decided: April 17, 1986

Filed: APR 17 1986

_____
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal by the husband from a judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, awarding the wife maintenance in a marriage of short duration. We affirm.

Appellant Morty Forney ("husband") and respondent Shelly Forney ("wife") were married in February 1984 after having lived together since June 1983. The parties separated less than a year after their marriage in December 1984. The husband filed his petition for dissolution of marriage in January 1985.

The case was tried to the District Court, sitting without a jury, in September 1985. During trial it was noted that the marriage of the parties produced no children and very little property. The parties agreed at trial that the property accumulated by them during the course of their marriage should be distributed between them with each retaining the property in his or her own possession or control. The husband also agreed to pay the joint obligations of the parties. The only issue remaining, therefore, was that of the wife's request for maintenance.

At the time of trial, the wife was temporarily employed as a child therapist with this employment scheduled to conclude at the end of the month. The wife stated her necessary monthly expenses were in the sum of $1,686 and her net income from her job was only $1,000 per month. Therefore, she requested an award of maintenance from the District Court in the amount of $500 per month for 16 months.

2

The husband argued at trial that the wife was not entitled to any maintenance because after the parties separated in December of 1984, the wife purchased a house and a new car. The husband argues these obligations pushed the wife's monthly expenses beyond what she could afford while earning $1,000 per month. The husband strongly stated that he should not be required to pay maintenance based on the fact that the wife chose to purchase things she could not afford after the parties separated.

The District Court considered the testimony of the parties and entered its findings of fact, conclusions of law, and decree of dissolution in November of 1985. The District Court concluded that the husband should pay maintenance to the wife in the sum of $400 per month for a period of 16 months. From this award of maintenance the husband appeals.

The husband presents a single issue for review by this Court: Whether the award of maintenance to the wife in this case was contrary to existing law?

As the husband succinctly states, this case essentially boils down to the question of whether or not the wife's incurred expenses for a house and new vehicle after the parties' separation were reasonable. The husband claims the wife chose to purchase a house ($685 a month) and a new car which she knew would greatly exceed her current monthly income of $1,000 when combined with her other necessary living expenses. The husband argues the wife chose to buy a house over cheaper housing possibilities, such as an apartment. Further, the wife chose to purchase a new car versus repairing her used car. The husband claims the law in Montana does not require him to pay, through maintenance, for

the wife's unnecessary extravagances after the parties separated.

The husband correctly points out the standards under which a spouse may be granted maintenance in this state. This Court in In Re Marriage of Korpela (1985), 710 P.2d 1359, 42 St.Rep. 1912, stated that under § 40-4-203, MCA, maintenance is allowed when the spouse seeking maintenance meets both of the following requirements: (1) the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs; and (2) she is unable to support herself through appropriate employment. The husband argues in the instant case neither of the above requirements were used by the District Court in awarding maintenance to the wife. We disagree.

In his findings of fact, Judge Luedke recognized the unique problems the instant case presented. Judge Luedke also specifically recognized the appropriate standards for awarding maintenance in this state including the additional factor not mentioned by the husband which is the ability of the husband to pay maintenance and still meet his own needs. See, Korpela, 710 P.2d 1360. As Judge Luedke explained in his finding of fact no. 7:

> The parties have accomplished their own division of property, leaving as the real issue in this case the respondent's request for an award of maintenance for a sixteen month period. She seeks $500 per month, for a total of $8,000. Unlike the usual situation, where such a request is grounded upon the needs of the requesting party and the ability of the other party to pay, respondent's basis for such award is founded primarily upon her claim that she lost money through the marriage and wants to be reimbursed. In that way, her request is as much an item of property settlement as it is of maintenance, although it is to be recognized that the marriage is still in force and petitioner

4

has given no support to respondent since the separation. (Emphasis added.)

We find, and the record supports, that the District Court correctly recognized the appropriate standards for awarding maintenance under Montana law and also correctly applied these standards to the facts of the instant case. The lower court recognized that the wife lacked sufficient property to provide for her reasonable needs and also that she was unable to support herself through appropriate employment because her job was scheduled to end shortly. Further, the lower court recognized that the husband had the financial resources to pay maintenance and still meet his own needs.

Finally, with regard to the house and car purchased by the wife after the separation of the parties, the District Court concluded, and we agree, that these expenses were not unreasonable. It appears that although the husband strongly argued at trial that the wife's house and car purchases were extravagant, he provided nothing or little to Judge Luedke to establish just what would be a reasonable expense for the wife's housing and transportation needs. Judge Luedke concluded, and the record supports, that these expenses were not unreasonable in light of the financial situation of the parties.

Lastly, it is important to note that the District Court had great latitude in awarding maintenance to the wife. As this Court stated:

> The determination of maintenance and the amount of maintenance are matters within the broad discretion of the District Court which this Court will not disturb unless clearly erroneous. In Re the Marriage of Schenck (Mont. 1984), 692 P.2d 6, 9, 41 St.Rep. 2137, 2139. The findings and conclusions indicate the

> employment of conscientious judgment in arriving at a substantially just result. In Re the Marriage of Laster (1982), 197 Mont. 470, 643 P.2d 597, 601, 39 St.Rep. 737, 740.

Korpela, 710 P.2d at 1361.

In conclusion, we hold the District Court's award of maintenance in this action was properly made and supported by the record. We also find that the lower court employed "conscientious judgment in arriving at a substantially just result" in a case where a just result was difficult to achieve.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6