No. 86-298

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
DOROTHY ANNE JONES,

        Petitioner and Respondent,

   and

ALFRED LEROY JONES,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; J. H. Morrow, Bozeman,
        Montana

    For Respondent:

        Landoe, Brown, Planalp, Kommers & Johnstone; James A.
        Johnstone, Bozeman, Montana

---

Submitted on Briefs:  Oct. 23, 1986

Decided:  January 8, 1987

Filed:  JAN 8 - 1987

_Ethel M. Harrison_

---
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Respondent Alfred Jones appeals the judgment entered by the Eighteenth Judicial District Court in the dissolution action between respondent and petitioner Dorothy Jones. Respondent appeals the property distribution and maintenance award in favor of petitioner. We affirm.

The parties were married on September 27, 1964, in Reno, Nevada. Alfred is now 48 years of age; Dorothy is 42. The children of the marriage have reached the age of majority and are self-supporting. Alfred has been employed as a store manager of tire shops throughout the pacific northwest during the duration of the marriage. The past eight years he has been the store manager for Whalen Tire Shop in Bozeman, Montana. Alfred's salary is $2500 a month, plus he is covered by health and life insurance, and the company supplies him with a car for personal and business use. In addition, he has received yearly bonuses ranging from $4000 to $8000, and has a vested interest in a profit sharing plan and a retirement pension plan with Whalen Tire Shop.

Dorothy has experience in light bookkeeping and secretarial work. Dorothy's most recent employment was with the Gallatin County Health Department at a net monthly salary of $769.

Dorothy filed a petition for dissolution on May 8, 1985, and moved out of the family home. On July 8, 1985, the District Court entered the decree of dissolution, reserving property distribution and maintenance award until a later date. Alfred was ordered to make Dorothy's monthly car payment and provide $100 monthly maintenance pending final

2

resolution of the case. The parties' home was sold, with Dorothy and Alfred each taking $1500 and the remainder, approximately $45,000, being placed in an account.

Dorothy quit her secretarial job in November, 1985, desiring to move to Spokane. She filed a motion for distribution of funds, requesting $4500 be distributed to her from the home sale proceeds to fund her move to Spokane and provide living expenses while she searched for employment. The court granted Dorothy's motion for distribution of funds.

On December 2, 1985, the issues of maintenance and property distribution were heard. The District Court entered its findings of fact and conclusions of law on these matters January 8, 1986. Dorothy was awarded $400 monthly maintenance for a period of 5 years, half of which was to be placed in an individual retirement account (IRA). After five years maintenance would be reduced to $200 with all amounts to be placed in an IRA. The property was divided as follows:

| ASSETS: | VALUE | TO WHOM DISTRIBUTED | |
| | | HUSBAND | WIFE |
| --- | --- | --- | --- |
| Furniture | $ 6,200.00 | $ 6,200.00 | |
| Furniture | 5,500.00 | $ 5,500.00 | |
| Blazer | 6,000.00 | 6,000.00 | |
| Riviera | 4,400.00 | | 4,400.00 |
| Trailer | 4,000.00 | 4,000.00 | |
| Tractor | 3,000.00 | 3,000.00 | |
| Insurance | 2,000.00 | 2,000.00 | |
| Stock | 375.00 | 375.00 | |
| Pension Plan | 11,835.00 | 11,835.00 | |
| Profit Sharing Plan | 11,250.00 | 11,250.00 | |
| Cash from sale of home | 4,500.00 | | 4,500.00 |
| Inheritance | Undetermined | Undetermined | |
| Balance of home sale | 40,837.00 | 11,601.00 | 29,236.00 |
| Leroy IRA | 6,500.00 | 6,500.00 | |
| Dorothy IRA | 2,000.00 | | 2,000.00 |
| Home furniture | 4,500.00 | | 4,500.00 |
| P.E.R.S. | 1,000.00 | | 1,000.00 |
| GROSS | $113,897.00 | $ 62,760.00 | $51,136.00 |

3

| LIABILITIES | VALUE | TO WHOM DISTRIBUTED | |
| --- | --- | --- | --- |
| | | HUSBAND | WIFE |
| First Bank | $ 3,766.00 | $ 3,766.00 | |
| First Security | 1,578.00 | 1,578.00 | |
| First Bank | 3,480.00 | 3,480.00 | |
| Visa | 2,800.00 | 2,800.00 | |
| TOTAL DEBT | $ 11,624.00 | ($ 11,624.00) | |
| NET ASSET | $102,272.15 | | |
| NET DISTRIBUTION | | $ 51,136.00 | $51,136.00 |

Both parties filed motions to amend the court's findings of fact and conclusions of law. Alfred objected to the property valuations adopted by the court and also requested that the maintenance award be eliminated. Dorothy objected to the $4500 furniture award believing such furniture was listed twice as an asset thereby overstating her actual award. Dorothy also requested that the maintenance award be amended to eliminate the requirement that $200 be invested in an IRA each month.

Following oral argument on the motions to amend, the District Court entered its order amending the maintenance award to eliminate the IRA requirement, but adding a provision that maintenance would terminate should Dorothy remarry or cohabit with a man for a period in excess of two months. The court affirmed its judgment in all other respects. Alfred appeals and raises the following issues:

1) Did the District Court abuse its discretion in awarding Dorothy maintenance for a period of ten years?

2) Did the District Court abuse its discretion in making the property distribution?

Alfred contends Dorothy is not entitled to maintenance because there are no minor children to support, she is in

good health and capable of working, and she received a substantial amount of property from the marital estate. Section 40-4-203, MCA, addresses the question of maintenance and provides for a maintenance award where the recipient spouse is unable to support herself and lacks sufficient property to provide for reasonable needs. Relevant factors in making a maintenance award are: 1) the financial resources of the recipient spouse; 2) the time necessary to acquire sufficient education to find appropriate employment; 3) the standard of living established during the marriage; 4) the duration of the marriage; 5) the age and physical and emotional condition of the recipient spouse; 6) the ability of the spouse providing the maintenance to meet his own needs.

A review of the record makes it clear the District Court considered all the relevant factors listed in § 40-4-203, MCA, in determining the maintenance award. Alfred has substantial income and is capable of paying $400 monthly maintenance. Dorothy has moved to Spokane and is temporarily unemployed. Based upon her training and education, the job Dorothy obtains will not supply adequate income to meet the standard of living she enjoyed during the marriage. As noted by the District Court, Dorothy worked in the home and raised children for 20 years in addition to holding secretarial jobs to supplement the family income. The District Court has broad discretion in determining maintenance awards and this Court will not reverse the District Court unless clearly erroneous. In Re the Marriage of Schenck (Mont. 1984), 692 P.2d 6, 41 St.Rep. 2137. We

5

find no abuse of discretion by the District Court in making the monthly maintenance award.

The next issue is whether the property distribution was equitable. Alfred contends the District Court erred in speculating as to the parties' future income and ability to acquire property. This is incorrect. Section 40-4-202, MCA, specifically states the court shall consider "the opportunity of each for future acquisition of capital assets and income." In this instance, the District Court properly considered the parties' potential future incomes, as well as insurance and IRA protections.

The District Court correctly valued Alfred's retirement and profit sharing plans based on the evidence before it. The court's computation placed an up to date value on these plans rather than the 1984 figure submitted by Alfred. We find no error.

The District Court's findings of fact reveal that the factors listed in § 40-4-202(1), MCA, were considered by the court in making the distribution. The property distribution awarded an identical net amount to each party. The record clearly supports the property distribution.

The valuations adopted by the District Court regarding the parties' furniture, vehicles, and other items, were those submitted by Dorothy in her proposed findings of fact. Alfred disputed several of Dorothy's valuations yet he failed to place a value on these items in his proposed findings of fact. The District Court adopted Dorothy's valuations finding them to be more reasonable. We will not set aside the District Court's findings of fact unless clearly

6

erroneous.  There is substantial credible evidence supporting the valuations listed in the property distribution.

The record reveals the District Court judgment to be sound in all respects.  Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7