No. 82-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

BEVERLY J. HAMMEREN,

Petitioner and Appellant,

-vs-

BOB E. HAMMEREN,

Respondent and Respondent.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Robert P. Morin; Berger Law Firm, Billings, Montana

For Respondent:

George T. Radovich, Billings, Montana

Submitted on Briefs: October 26, 1982

Decided: December 15, 1982

Filed: DEC 15 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Both parties appeal a decree of dissolution issued by the District Court of the Thirteenth Judicial District, Yellowstone County, dissolving the marriage of the parties, awarding custody of the children to the husband, dividing the marital property and providing maintenance to the wife. We affirm in part and remand in part.

The parties were married on July 7, 1965. There were three children born of the marriage.

At the time of trial the husband was employed by the United States Postal Service and the Billings Gazette. His monthly income is approximately $2,000.

The wife, primarily a mother and homemaker, had several minimum wage jobs during the marriage. She has had little income producing job training or experience.

The major asset of the marriage is the family home located in Billings, Montana. The parties also own several vehicles, household furnishings and other personal property. The husband testified that he has a mineral interest in property located in North Dakota.

The District Court awarded the husband the family home, the household furnishings, two vehicles, other personal property, and custody of the children.

The court ordered the husband to pay the wife $15,050, in monthly installments of $200 at 6 1/2 percent interest. This sum represents the wife's equitable share of the marital estate. Upon the sale of the home the husband is ordered to apply the proceeds to the balance owing the wife.

The court awarded the wife one vehicle and ordered the husband to pay the wife monthly maintenance of $300 payable

beginning April 1, 1982, reduced to $250 per month beginning October 1, 1982, until either party dies or she remarries. The District Court also ordered the parties to pay their own attorney's fees and costs.

The issues are:

1. Whether the District Court abused its discretion in awarding custody of the children to the husband.

2. Whether the District Court abused its discretion in ordering the husband to pay monthly maintenance to the wife.

3. Whether the District Court abused its discretion in declining to order the wife to pay child support.

4. Whether the District Court abused its discretion in failing to consider all marital assets when it apportioned the marital estate.

5. Whether the District Court properly substantiated its refusal to allow the wife's requested attorney's fees.

There was evidence presented at trial to substantiate the District Court's custody award. The District Court included in its findings the necessary factors outlined in section 40-4-212, MCA. Unless there is a clear abuse of discretion by the District Court the custody determination made by that court will not be overturned on appeal. Malcolm v. Malcolm (1982), ___ Mont. ___, 640 P.2d 450, 451, 39 St.Rep. 262, 263. We find no clear abuse of discretion by the District Court in this instance.

The second issue presented is whether the District Court abused its discretion in ordering the husband to pay monthly maintenance to the wife. The District Court applied the factors set forth in section 40-4-203, MCA, and referred to them in its findings of fact. The standard of review for maintenance awards is whether the District Court abused its

-3-

discretion in determining the award. In re the Marriage of Knudson (1982), ___ Mont. ___, 622 P.2d 1025, 1027, 37 St.Rep. 147, 152. The District Court did not abuse its discretion in making the maintenance award.

The third issue is whether the District Court abused its discretion in declining to order the wife to pay child support. The District Court found that the wife was without the means to pay child support to the husband. This Court must decide whether the District Court abused its discretion in determining whether or not the noncustodial parent is required to pay child support. In re the Marriage of Jensen (1981), ___ Mont. ___, 631 P.2d 700, 703, 38 St.Rep. 1109, 1112. There is ample evidence to support this finding. We therefore affirm the District Court's order regarding child support.

The fourth issue is whether the District Court took into consideration all marital assets in apportioning the marital estate. The husband testified that he had mineral rights to property in North Dakota. This property was not included in the findings of fact, and this exclusion was not explained by the District Court. If contested evidence is presented regarding the existence of a marital asset and no findings are made regarding that asset or no explanation provided as to why the District Court did not include or explain the exclusion of such property, the District Court has abused its discretion. Larson v. Larson (1982), ___ Mont. ___, ___ P.2d ___, 39 St.Rep. 1628, 1631. Here, the District Court did not properly consider all of the husband's assets in apportioning the marital estate.

The fifth issue is whether the District Court properly substantiated its refusal to allow the wife's requested

-4-

attorney's fees. The wife's request was supported by evidence presented at trial. Where the District Court refuses to award attorney's fees it must indicate in the findings of fact why such fees were not awarded. Bowman v. Bowman (1981), ___ Mont. __, 633 P.2d 1198, 1202, 38 St.Rep. 1515, 1520. Having failed to follow this procedure the wife's request for attorney's fees shall be considered on remand, and if denied, the denial must be substantiated.

The District Court decree is affirmed except that the cause is remanded for the purpose of a determination by the District Court of the value of the unconsidered mineral interests owned by husband, and whether the wife is entitled to a portion of the same or the value thereof; and for reconsideration and statement of reasons as to the grant or denial of wife's attorney fees. The remainder of the decree of the District Court is affirmed, and remand is ordered for proceedings in accordance with this opinion. Costs to the wife.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-