No. 85-67

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN RE THE MARRIAGE OF

DALTON ANTHONY PERRY,

      Petitioner and Respondent,

  and

CAROLYN SUE PERRY,

      Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Keefer, Roybal, Hanson, Stacey & Jarussi,
        Billings, Montana

    For Respondent:

        George Radovich, Billings, Montana

---

Submitted on Briefs: May 9, 1985

Decided: July 29, 1985

Filed: JUL 29 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Carolyn Perry appeals an order and judgment of the District Court, Thirteenth Judicial District, Yellowstone County, which divided the marital estate, provided for child support and denied maintenance and attorneys fees. The division of the marital property is affirmed; maintenance and attorneys fees are remanded.

Carolyn and Tony were married on September 17, 1971. They had two children, Jody, now age 9, and Jeff, age 6. Carolyn is 44 years old and Tony is 35. Prior to their marriage, both parties were employed and provided for their own support. Tony was an electrician, and he has been self-employed since 1977 as an electrical contractor. Carolyn holds a Bachelor of Science (Zoology) degree and was employed for approximately 11 years prior to the marriage as a pediatric micro-chemistry laboratory worker. Tony's income varies from year to year but he is now making approximately $25,000 a year. Carolyn did not work while the parties were married. After the parties separated, Carolyn started to teach piano lessons and sell skin care products from her home. At the time of trial she was making approximately $175 per month teaching piano and approximately $300 per month selling skin care products.

Tony filed a petition for dissolution of marriage on April 16, 1982. By motion dated May 21, 1982, Carolyn sought a temporary restraining order requesting that Tony vacate the family home and that during the pendency of the proceedings, he be required to support her and the children. The parties reached an agreement, incorporated in a court order, that Tony would vacate the family home and that he would pay

2

Carolyn $300 each month and in addition pay the monthly mortgage on the family home in the amount of $320.

Trial was held on September 2, 1983. The District Court made findings of fact and conclusions of law and an order on October 4, 1983. The decree of dissolution was not signed until October 18, 1984.

Carolyn appeals the District Court order on the following issues:

1. Did the District Court equitably divide the parties' real and personal property?

2. Was the denial of a maintenance award to the wife justified under the facts and circumstances of this case?

3. Was the denial of the wife's request that the husband pay reasonable attorney's fees incurred by her in the defense of this matter proper?

## PROPERTY DIVISION

The District Court divided the marital assets as follows:

### HUSBAND

| ITEM | AMOUNT |
|------|--------|
| One-half house proceeds | $17,750.00 |
| One-half land sale | 6,000.00 |
| 1978 Chevrolet pickup | 3,450.00 |
| 1982 Datsun pickup | 8,500.00 |
| 1982 Toyota car | 10,000.00 |
| Kawasaki motorcycle | 3,000.00 |
| 1964 Chevrolet van | 1,000.00 |
| Tools | 1,500.00 |
| Business savings account | 5,000.00 |
| Business checking account | 800.00 |
| Personal checking account | 400.00 |
| One-half Vail time-share | (unknown) |
| TOTAL ASSETS TO HUSBAND | $57,400.00 |

3

## WIFE

| ITEM | AMOUNT |
|---|---|
| One-half house proceeds | $17,750.00 |
| One-half land sale | 6,000.00 |
| 1978 Subaru | 2,875.00 |
| Jewelry | 3,000.00 |
| Furnishings and appliances | 6,000.00 |
| Personal savings account | 2,000.00 |
| One-half Vail time-share | (unknown) |
| **TOTAL ASSETS TO WIFE** | $37,625.00 |

The liabilities of the parties were divided as follows:

## HUSBAND

| ITEM | AMOUNT |
|---|---|
| Taxes - 1982 and 1983 | $13,000.00 |
| Gertie Perry - one-half of $11,000.00 | 5,500.00 |
| Gertie Perry - remainder of pickup loan | 2,000.00 |
| One-half Vail time-share | 1,750.00 |
| Kawasaki debt (as above) | 3,000.00 |
| Datsun debt (as above) | 7,500.00 |
| Toyota debt (as above) | 8,300.00 |
| **HUSBAND'S TOTAL LIABILITIES** | $41,050.00 |

## WIFE

| ITEM | AMOUNT |
|---|---|
| Gertie Perry - one-half of $11,000.00 | $ 5,500.00 |
| One-half Vail time-share | 1,750.00 |
| **WIFE'S TOTAL LIABILITIES** | $ 7,250.00 |

Carolyn's primary dispute with the property division is that she wishes to be allowed to remain in the family home until the children reach the age of majority because the house is located close to the children's school and the monthly mortgage payment is only $320. She would not be able to find similar housing for that amount. The District Court determined the house should be sold and the proceeds split evenly between the two parties.

Carolyn also disputes the equal division of their real property in Colorado because she used $5,000 from her

4

premarital savings account for its down payment. The District Court found that Tony's income had been used for the rest of the payments and he was entitled to one-half of the proceeds from its sale.

Carolyn also argues that she should not have to pay one-half of the amount remaining due on a loan from Tony's mother because there had been an agreement with the mother that they wouldn't have to make anymore payments. There was a promissory note on the loan signed by both Carolyn and Tony, but no payments had been made since 1977.

The standard of review of a property settlement has been stated many times. In dividing property in a marriage dissolution the District Court has far-reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St.Rep. 623; In Re Marriage of Vert (Mont. 1984), 680 P.2d 587, 41 St.Rep. 895. Applying this standard we cannot say that the District Court abused its discretion.

We are sympathetic to the wife's desire to stay in the family home, however, the house represents a very large part of the total assets owned by the parties. If the husband cannot obtain his share of this asset, he will have substantially less than one-half of the assets. The wife will be receiving funds from the sale of the property, and although she may not be able to find housing as nice as the family home, she should be able to find adequate housing for herself and her children.

5

The equal division of the proceeds from the Colorado real property was a reasonable exercise of the District Court's discretion. Since Tony did contribute toward the purchase of the property, we cannot find an abuse of discretion.

Carolyn is legally obligated to pay on the note to Tony's mother. We cannot find that the District Court erred in ordering her to pay one-half of the remaining payments.

## Maintenance

Carolyn contends that the District Court's denial of maintenance for her was not justified under the facts and circumstances of this case. We agree.

The District Court found that the husband's payments of $620 per month for over a year were sufficient for the wife's rehabilitative purposes and that no further maintenance was necessary. The court went on to say that the wife has a "demonstrated income capacity" as a lab technician, a piano teacher or a cosmetic salesperson.

We find Carolyn's situation very similar to the situation in the recent case of In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St.Rep. 623, in which we remanded the award of maintenance for only one year because that was not enough time for the wife to find adequate employment to maintain her standard of living. In Rolfe, the wife had a B.A. in education and had taught for several years prior to marriage. She did not work during the 15 years of marriage. We found that the District Court had relied heavily on the husband's assertion that the wife could earn $17,000 a year as an elementary school teacher. At the time of trial, she was without a teaching certificate or teaching experience for 16 years.

6

Similarly, in the case at hand, Carolyn has not worked in 10 years. There is evidence in the record, that if she were to return to her old position as a lab technician, she would need additional schooling to meet certification requirements. The District Court also relied too heavily on the finding that Carolyn could earn $11 per hour teaching piano or $12 to $40 per hour selling cosmetics. This is deceptive because it would be very difficult for her to work 40 hours a week at either one of these jobs. Carolyn testified that she and the children had been struggling financially since the party's separation, but the husband's lifestyle seems to have suffered very little. He has even been able to make several large purchases.

The property the District Court awarded Carolyn is not income-producing. The one year of maintenance Carolyn has already received has not been enough to allow her to become financially independent. We remand to the District Court to reconsider the wife's salary prospects and duration of maintenance.

<u>Attorney's Fees</u>

Carolyn asked that the District Court award her attorney's fees. The court made no findings on this matter but simply stated: "Each of the parties shall pay their own legal fees and costs." Where the District Court refuses to award attorney's fees, it must indicate in the findings of fact why such fees were not awarded. In Re Marriage of Hammeren (Mont. 1982), 663 P.2d 1152, 39 St.Rep. 2222. Having failed to follow this procedure, the wife's request for attorney's fees shall be considered on remand, and if denied, the denial must be substantiated.

The husband contends that the filing of this appeal was without merit and was done for purposes of delay. Clearly, this appeal has merit and his request for damages is denied.

We affirm in part and remand in part for further proceedings in accordance with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8