No. 86-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
CAROL VOELKEL, a/k/a CAROLYN VOELKEL,

          Petitioner and Appellant,
     and

GLENN L. VOELKEL,

          Respondent and Respondent.

---

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Jackson & Rice; Gregory Jackson, Helena, Montana
          John W. Mahan, co-counsel, Helena, Montana

     For Respondent:

          Peter Michael Meloy, Helena, Montana

---

Submitted on Briefs: Jan. 22, 1987

Decided:  March 18, 1987

Filed:  MAR 1 8 1987

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Carol Voelkel appeals a Lewis and Clark County District Court order dividing the marital property of the parties and establishing child custody, support and maintenance. The court ordered the parties to pay their own attorney fees and ordered the husband to pay all court costs. Two issues are presented on appeal: (1) Whether the District Court abused its discretion in dividing the marital property of the parties? (2) Whether the District Court abused its discretion by failing to award the wife reasonable attorney fees? We affirm.

The parties were married in 1960, separated in March 1984 and were divorced by court decree on February 5, 1985. The marriage produced five children, two of whom are minors and presently reside with the wife. During the marriage, the wife assumed primary responsibility for operation of the home and caring for the children. She did not work outside the home except for a brief time prior to the birth of the first child but did assist the husband in his business, performing occasional bookkeeping and other related tasks. The wife has a high school education and was training to be an executive secretary at the time of the District Court hearing. The husband worked as a carpenter from 1960 to 1969, did contract work from 1969 to 1973, and conducted business as "Glenn Voelkel Builder" until incorporating the business as "Glenn Voelkel Builder, Inc." in 1983. He is the sole shareholder of the corporation. The husband earned an average of $21,654 from 1979 to 1983. The marital estate includes two parcels of real property with equity of $63,567 for the family residence and $7,138 for the other parcel.

2

The District Court awarded joint custody of the two minor children and ordered husband to pay child support of $250 per child per month. The court awarded maintenance to the wife of $828 per month from March 1984, the separation date, to November 1985, and $350 per month from November 1985 to June 1986, for a total maintenance award of $19,010. The court gave husband a credit of $29,475 because of the voluntary payments he made to wife between the separation date and June 1985. The court further ordered husband to pay the wife $17,435 to equalize the division of personal property and awarded husband the family home on the condition that he pay the wife $31,783.50 in cash as the wife's fifty percent share in the equity of the home. Finally, the court ordered the parties to pay their own attorney fees and ordered husband to pay all court costs.

Section 40-4-202, MCA, gives the district court the discretion to equitably divide the marital property. The standard of review was stated in In re Marriage of McCormack (Mont. 1986), 726 P.2d 319, 321, 43 St.Rep. 1833, 1835:

> The District Court has far-reaching discretion in making property divisions. The reviewing court does not substitute its judgment for that of the trial court, and will not alter a judgment unless it finds an abuse of discretion, i.e., that the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. (Citation omitted.)

The wife disagrees with three aspects of the marital property distribution. First, she argues that the District Court did not consider the value of the husband's business (Glenn Voelkel Builder, Inc.) as part of the marital estate. We disagree with this contention and point to District Court findings #6 and #12 for support:

## VI.

Respondent supported and maintained the household working as a carpenter from 1960 to 1969, then contracting as a carpenter from 1969 to 1973, then doing business as "Glenn Voelkel Builder" until 1983, at which time he incorporated himself and continued to operate as "Glenn Voelkel Builder, Inc.", of which he is the sole shareholder. The parties reported total income, all of it earned by Respondent, of $12,965 in 1979, $54,744 in 1980, $34,812 in 1981, $492 in 1982 and $5,255 in 1983 for a five-year average of $21,654 per year. Respondent could earn approximately $25,000 a year if employed as a construction superintendent.

. . .

## XII.

The marital estate also includes Glenn Voelkel Builder, Inc. In evaluating the testimony and exhibits presented on the subject, we calculate the value of the business at something less than zero by deducting as assets a $41,000.00 promissory note to the Respondent, the sole stockholder, and a $10,000.00 building from which the business is operated but which is included as part of the family residence. The "going concern" value of the business is purely the name and reputation of the Respondent.

The court made its findings after hearing from the parties' experts, both of whom essentially agreed that the corporation had a net negative value and no appreciable good will. The trier of fact has the discretion to give whatever weight he sees fit to the testimony of the expert. Dickerson v. Dickerson (1980), 188 Mont. 492, 497, 614 P.2d 521, 524.

4

We find no error since the District Court did consider the value of the corporation to the marital estate.

The second aspect of the property distribution with which the wife disagrees is the offset or credit given to the husband on account of his voluntary payment ($29,475) to the wife from the date of separation to June 1985. The District Court awarded the wife monthly maintenance of $828 from March 1984 to November 1985, the time by which the wife should have completed her secretarial training and obtained employment. The court also awarded the wife $350 monthly maintenance from November 1985 to June 1986, bringing the total maintenance award to $19,010. Since the husband voluntarily paid the wife $29,475 subsequent to the separation date, the court in its discretion decided to give the husband a credit for this amount. The wife claims the court's decision indebted her to the husband in an amount exceeding $10,000. This is not an accurate assessment since the record shows that the court, in addition to awarding a credit to the husband, ordered the husband to pay $49,218.50 in cash to the wife as her share of the equity in the family home and for the purposes of equalizing the personal property distribution. The District Court considered these matters and had the discretion to divide the marital property as it deemed necessary. We find no abuse of discretion in its determination.

Finally, the wife argues that the court abused its discretion by awarding maintenance only through June 1986. Evidence was presented that in early 1985 the wife was attending a Vo-Tech school and taking classes in data processing, word processing, and accounting. She dropped out of that program later that year and entered the Adult Learning Center, enrolling in a secretarial office management course. A counselor at the center testified that by fall 1985 the wife should have completed the course at the center.

5

The court considered this testimony and other evidence before making its finding on the issue:

> . . . At the time of the hearing she [the wife] was unemployed, had a high school education, was functioning at an eighth grade level of competency and was being trained to be an executive secretary earning an anticipated five to eight dollars per hour. Training was to be completed in the fall of 1985, at which time her employability would be deemed good, with entry level salary at approximately $12,000 per year and a good prospect for advancement to $14,000 per year within two years.

We see no reason to disturb the lower court ruling on the maintenance issue.

The second issue is whether the District Court abused its discretion by failing to award the wife reasonable attorney fees. Section 40-4-110, MCA, states that the court may, after considering the financial resources of both parties, order a party to pay the costs and attorney fees of the opposing party. In re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 84-85, 42 St.Rep. 623, 629, discusses this issue:

> This Court has held that in a divorce case a district court must indicate its reasons for refusing to grant attorneys fees. Hammeren v. Hammeren (Mont. 1982), 663 P.2d 1152, 1154, 39 St.Rep. 2222, 2223. In this case the District Court at Finding no. 37 states, "after considering the financial resources of both parties, the Court finds that both parties have the ability to pay their own attorney's fees and should do so." This is a clear indication of the court's reasoning, therefore the denial of attorneys fees is upheld."

6

The District Court states in its conclusion that "attorney fees should be paid by the parties, court costs by respondent." It would appear that by awarding the wife a cash award of $49,218.50 the court believed that she had the necessary funds to pay her attorney fees. We deem it unnecessary to remand to the lower court for reasons justifying the denial of attorney fees.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7