No. 87-79

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

CARL WEISSMAN & SONS, INC.,

        Plaintiff and Appellant,

   -vs-

MARTY PAULSON d/b/a MONTANA FENCE,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert Kolesar, Bozeman, Montana

    For Respondent:

        A. Michael Salvagni, County Attorney, Bozeman, Montana
James McKenna, Deputy County Attorney, Bozeman

_____

Submitted on Briefs: May 14, 1987

Decided: July 21, 1987

Filed: JUL 21 1987

_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiff Carl Weissman & Sons, Inc. appeals the December 15, 1986, order of the Eighteenth Judicial District Court, Gallatin County, finding storage costs assessed by the Gallatin County Sheriff to be reasonable. We affirm.

On appeal, defendant Paulson is no longer involved in the case. Plaintiff Carl Weissman & Sons, Inc. (Weissman & Sons) contests the Gallatin County Sheriff's assessment of storage costs which eliminated any recovery by Weissman & Sons against Paulson.

Weissman & Sons originally filed an action in justice court against Paulson for failure to pay the amount due on his account. Weissman & Sons obtained a writ of prejudgment attachment from the Justice Court directed to a Honda motorcycle owned by defendant Paulson. The sheriff seized the motorcycle March 18, 1986, and arranged for towing and storage by Art's Towing Service. The motorcycle was stored in a heated area of the garage at $5 a day.

Weissman & Sons subsequently filed a complaint against Paulson in District Court on May 19, 1986, alleging failure to pay the amount due and owing on his account, $2,210. On June 19, 1986, a Sheriff's Return Showing Defendant Not Found was filed declaring defendant was unable to be located in Gallatin County. On that same date, attorney for Weissman & Sons filed a summons for publication. Publication occurred June 14, July 1 and 8, 1986. On August 5, 1986, Weissman & Sons filed a request for entry of default, which was granted. Subsequently, a motion for default judgment was heard before the District Court which was granted August 14, 1986, in the amount of $2,210.92 plus interest, and a civil penalty of $500.

Following the entry of default judgment, Weissman & Sons obtained a writ of execution August 27, 1986. A sheriff's sale was held September 24, 1986, at which time the motorcycle was removed from storage and sold for $450. The towing and storage costs amounted to $1,080.00.

Weissman & Sons subsequently filed a motion to determine reasonable costs. A hearing on the matter was held October 29, 1986. At the hearing Weissman & Sons introduced evidence that the standard storage cost in Bozeman at a storage warehouse for a motorcycle to be $18 monthly. The testimony did not reveal whether such storage was heated. The Sheriff's Department produced testimony from a towing service operator and from an auto parts store manager that their inside heated storing charges would be $7.50 and $10 a day respectively.

The District Court ruled against Weissman & Sons, finding a lack of communication by Weissman & Sons and that the sheriff erred on the side of keeping the property in an insured, heated storage area. Weissman & Sons appeals and raises the following issues:

1) Whether the Gallatin County Sheriff exceeded his authority in placing property seized pursuant to a writ of prejudgment attachment with a third party keeper without obtaining a court order?

2) Whether a county sheriff, in seizing and storing property pursuant to a writ of prejudgment attachment, is acting as a trustee for all parties to writ of prejudgment attachment?

3) Whether the District Court erred in finding that the storage costs were reasonable?

The first issue raised by Weissman & Sons is whether the sheriff violated § 27-18-301, MCA, and § 7-32-2142, MCA, by employing a keeper without first obtaining a court order.

3

Section 27-18-301, MCA, provides that a writ of attachment must direct the sheriff to "attach and safely keep" the defendant's property. Section 7-32-2142, MCA, provides:

> For the expense in taking and keeping possession of and preserving property under attachment, execution, or other process, the sheriff shall receive such sum as the court or judge may order, not to exceed the actual expense incurred. No keeper must receive to exceed $10 per day, and no keeper must be employed without an order of court or be so employed unless the property is of such character as to need the personal attention and supervision of a keeper. No property shall be placed in charge of a keeper if it can be safely and securely stored or where there is no reasonable danger of loss.

The record shows Weissman & Sons did not raise violation of § 7-32-2142, MCA, before the District Court and the court did not consider this section in rendering its decision.

Weissman & Sons filed a motion to determine reasonable costs alleging the sheriff did not attempt to locate storage at a reasonable price. Weissman & Sons did not raise violation of § 7-32-2142, MCA, in its affidavit supporting the motion, proposed findings, at the hearing, or in its motion to reconsider. Weissman & Sons contends that language in its brief in support of motion to reconsider raised the issue of employment of a keeper by the sheriff without court order. We find no language in Weissman & Sons' briefs or in the hearing transcripts which brought this issue to the attention of the District Court. There was no citation of § 7-32-2142, MCA, nor was the statute mentioned at the hearing on the motion to reconsider. The District Court found the costs to be reasonable which was the only issue clearly presented to the court. We will not address an issue on appeal which was not presented to the District Court.

4

Chadwick v. Giberson (Mont. 1980), 618 P.2d 1213, 37 St.Rep. 1723.

The next issue raised by Weissman and Sons is that the sheriff in seizing property under writ of attachment acts as a trustee to the parties with an interest in the seized property. Weissman & Sons contends that the sheriff violated his duty as a trustee by failing to secure the cheapest available storage. Weissman & Sons cite Sherlock v. Vinson (Mont. 1931), 90 Mont. 235, 1 P.2d 71, wherein this Court held the sheriff to be a trustee for the debtor and creditor in conducting an execution sale. We are not concerned with an execution sale in this case, but with reasonable storage costs.

The duty of the sheriff in this instance was to "attach and safely keep" the debtor's property pursuant to the writ of attachment. The expenses of keeping the seized property should be reasonable, which is consistent with the safekeeping of the property. 30 AmJur 2d, Execution, § 272. There is no dispute that the sheriff placed the motorcycle in a heated, insured storage area. Testimony reveals that the motorcycle had part of its engine disassembled and protection from the weather was necessary. Whether or not the sheriff violated his duty to safely keep the property due to alleged exorbitant storage costs is next addressed. Weissman & Sons contends that $5 a day storage costs are clearly unreasonable and that the testimony established the "going rate" for storage costs in Bozeman to be exorbitant. Weissman & Sons presented testimony that storage at a commercial storing facility for a motorcycle would be approximately $18 a month. The testimony did not reveal whether such storage space was heated.

The sheriff presented testimony that two Bozeman area businesses charge $7.50 and $10 a day for inside, heated

5

storage. These businesses provide storage but are not in the storage business and determine their storage prices based on the "going rate" in Bozeman.

Further testimony at the hearing revealed that the sheriff's department did not make an effort to find the cheapest storage available for the seized property. Weissman & Sons admitted that it was aware the motorcycle was being stored at Art's Towing but never inquired as to storage costs during the 190 days the motorcycle was in storage.

The District Court found the storage costs to be reasonable. There is substantial credible evidence in the record supporting this finding. As noted by the District Court, it is not unusual for the value of seized property to be consumed by storage costs and creditors should be aware of that fact.

The District Court is affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

6