No. 93-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

KATHLEEN MARGARET HAYES,

   Petitioner and Respondent.

   and

ROBERT EHRGOOD HAYES,

   Respondent and Appellant.

FILED
JUL 8 1993
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Christopher Daly, Attorney at Law,
          Missoula, Montana

       For Respondent:

          Kerry Newcomer, Geiszler & Newcomer,
          Missoula, Montana


                    Submitted on Briefs:  May 13, 1993

                              Decided:  July 8, 1993

Filed:

_____
                  Clerk

Justice William E. Hunt. Sr., delivered the opinion of the Court.

Appellant Robert Ehrgood Hayes appeals from a decision of the District Court of the Fourth Judicial District, Missoula County, adopting the Special Master's decision to use and apply the Child Support Guidelines in effect at the time of trial.

We affirm.

The following issue on appeal is dispositive of the case:

Did the District Court err in adopting the Special Master's recommended findings of fact?

Petitioner/Respondent Kathleen Margaret Hayes brought an action for dissolution of her marriage to Robert. On June 22, 1992, the trial was conducted before a Special Master upon referral by the District Court. On July 6, 1992, the Special Master filed her decision requiring that the Montana Department of Social and Rehabilitative Services Child Support Division (CSED) calculate the child support. By the time the parties' applications were submitted, the CSED had adopted new guidelines which were used to calculate the parties' child support obligation. Kathleen objected to the process of delegating the calculation to the CSED and to the use of the new guidelines. She also stated that there were errors in the calculation. The Special Master agreed with Kathleen that the guidelines in effect at the time of trial on June 22, 1992, were the appropriate guidelines to use, and recommended to the District Court a calculation based on those guidelines because the case had been heard, considered, and ruled upon prior to July 31, 1992, the effective date for the New Child Support Guidelines. The

2

District Court adopted the Special Master's findings of fact and conclusions of law and granted a decree of dissolution. Robert appeals from the District Court's adoption of the Special Master's decision and claims that the trial court should have used the guidelines in effect on July 31, 1992.

Did the District Court err in adopting the Special Master's recommended findings of fact?

The Special Master's child support calculation recommendation was filed on October 9, 1992. Robert did not object until November 12, 1992. On November 10, 1992, the District Court had already adopted the Special Master's recommended findings of fact, conclusions of law, and decree of dissolution of marriage. The District Court Judge cited Rule 53(e)(2), M.R.Civ.P., as authority for accepting the Special Master's findings of fact unless clearly erroneous.

Rule 53(e), M.R.Civ.P., also sets out the requirements for objecting to the Special Master's findings of fact:

> (2) In nonjury actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

3

Robert clearly violated the ten day limit set out in Rule 53(e)(2), M.R.Civ.P., when he waited until November 12, 1992, to object to the Special Master's child support calculation,

Robert attempts to condone his untimely objection by arguing that he was concerned about the parties' limited financial means. He argues that if he had filed a written objection the issues would have been set for an additional hearing, thereby incurring additional expenses. However, Robert's timely objection was required to preserve the issue for the appeal he is now pursuing with the same limited financial means. We have consistently held that we will not address an issue on appeal unless the appellant has first presented it to the district court. Carl Weissman & Sons, Inc. v. Paulson (1987), 227 Mont. 459, 462, 739 P.2d 494, 495.

Robert's other attempt to excuse his untimely objection is based on his interpretation of Rule 53(e)(2), M.R.Civ.P. He argues that the rule is strictly permissive rather than mandatory since it does not state that a party "must" object or lose the right to contest the findings. We disagree. There can be no other reason for setting a ten day limit than to require that objecting parties meet that limit or waive their rights to object. We hold that the permissive word "may" refers to the permission given to "any party" to object. The objection must be made within the ten day limit.

Because of Robert's failure to timely object in writing to the child support calculation proposed by the Special Master and filed on October 9, 1992, we decline to review the matter on appeal.

4

Accordingly, we do not reach the other issues relating to child support presented on appeal. The District Court did not err in accepting the Special Master's recommended findings of fact.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5

July 8, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


CHRISTOPHER DALY
Attorney at Law
101 E. Broadway, Suite 200
Missoula, MT 59802

KERRY NEWCOMER
GEISZLER & NEWCOMER
26.5 West Front
Missoula, MT 59802


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy