No. 97-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 275N

IN RE THE MARRIAGE OF

ROBERTA ANDERSON,

Petitioner and Appellant,

and

JOHN (JACK) MORELLI,

Respondent.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary S. Deschenes, Randy L. Tarum, Deschenes Law Office, Great Falls, Montana

For Respondent:

John (Jack) Morelli, Bigfork, Montana (pro se)

Submitted on Briefs: March 26, 1998

Decided: November 12, 1998

Filed:

No

———————————————————————————

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Roberta Anderson (Roberta) appeals from the Findings of Fact and Conclusions of Law, Judgment and Decree, and post-judgment rulings of the Twelfth Judicial District Court, Hill County. We affirm.**

**¶3. Roberta raises eight issues on appeal, however we have consolidated them into four dispositive issues and restate them as follows:**

**¶4. 1. Did the District Court err by ruling that Roberta failed to file a timely objection to the Special Master's Final Report?**

**¶5. 2. Did the District Court err when it appointed a special master to be the settlement master and judge in the trial of this case?**

**¶6. 3. Did the District Court err by awarding custody and visitation without having an independent evaluation of the family conducted to determine the custody arrangement that was in the best interest of the parties' minor child?**

No

**¶7. 4. Did the District Court err by requiring Roberta to pay her own attorney's fees and half of the Special Master's fees?**

**Factual and Procedural Background**

**¶8. Roberta and John (Jack) Morelli were married on September 23, 1989. Roberta and Jack have one child, Michael John Morelli, who was born on April 13, 1990. On April 1, 1994, Roberta filed an Amended Petition for Legal Separation. Two months later, on June 6, 1994, Jack filed a response to Roberta's petition for legal separation wherein he petitioned for dissolution of marriage.**

**¶9. On September 21, 1995, Jack moved the court for the appointment of a special master pursuant to Rule 53, M.R.Civ.P. On October 12, 1995, the District Court appointed John B. Kuhr (Kuhr) to serve as special master. Because of a conflict of interest, on October 16, 1995, the District Court dismissed Kuhr and appointed Curtis G. Thompson to serve as special master. The District Court's Order stated that Jack and Roberta were to each pay one-half of the Special Master's fees. On December 6, 1995, the District Court issued an Order Fixing Compensation for Special Master that stated that each party would share the cost of the Special Master equally.**

**¶10. From May 8, 1996, to May 10, 1996, the Special Master conducted a trial on this matter. Apparently, the Special Master met with each party separately before the trial in an attempt to settle the case. Roberta and Jack agreed at the trial to submit proposed findings of fact and conclusions of law by May 30, 1996. Jack met this deadline. Roberta, on the other hand, did not submit proposed findings of fact and conclusions of law.**

**¶11. On June 18, 1996, the Special Master submitted his draft report to Roberta and Jack. Jack provided the Special Master with suggestions concerning the report, albeit one day after the deadline set to submit suggestions. Due to the unavailability of her attorney, Roberta provided suggestions to the draft report *pro se*. Roberta's suggestions were also provided one day late. Subsequently, Roberta's attorney filed two motions requesting extensions of time so that he could provide suggestions to the draft report. Despite these requests, Roberta's attorney did not provide the Special**

**Master with any suggestions.**

**¶12. The Special Master filed his Final Report on October 1, 1996. The Special Master attached to his Final Report his Suggested Findings of Fact, Conclusions of Law and Decree; his child support worksheet; Roberta's child support worksheet; and Jack's child support worksheet. On October 11, 1996, Jack filed his objections to the Special Master's Suggested Findings of Fact, Conclusions of Law and Decree. The Special Master filed the transcript of the hearing on October 24, 1996.**

**¶13. Roberta filed a motion to hold Jack in contempt of court on October 16, 1996. Roberta filed an affidavit supporting this motion that stated that Jack had not been paying child support or maintenance, that Jack hid assets from the Special Master, and that she was disabled. On December 6, 1996, Roberta filed a notice stating that she was unable to pay the Special Master and that she was contesting his fee. In her affidavit supporting this motion, Roberta asserted that the Special Master was unfair and biased. The District Court held an evidentiary hearing on May 7, 1997, to hear testimony and receive evidence on the issues raised in Roberta's motions.**

**¶14. On July 14, 1997, the District Court issued its Findings of Fact and Conclusions of Law which adopted most of the Special Master's suggested findings and conclusions. The District Court also issued its Judgment and Decree on that date. Subsequently, Roberta filed motions to alter or amend judgment, to amend the District Court's Findings of Fact, and for a new trial. On August 21, 1997, the District Court denied these motions. Roberta appeals from the District Court's Findings of Fact and Conclusions of Law, Judgment and Decree, and post-judgment rulings.**

## Issue 1.

**¶15.** *Did the District Court err by ruling that Roberta failed to file a timely objection to the Special Master's Final Report?*

**¶16. The District Court ruled that Roberta did not file timely objections to the Special Master's Final Report. Roberta asserts that her Motion for Holding Respondent in Contempt with Affidavit in Support filed on October 16, 1996, served as her objections to the Special Master's Final Report. Although Roberta admits that**

these "objections" were "perhaps not in the form anticipated by the District Court," she contends that the District Court should have considered this motion and its accompanying affidavit as her written objections to the Special Master's Final Report.

¶17. Rule 53(e)(1), M.R.Civ.P., requires special masters to prepare and file a report on the matter submitted to them. Rule 53(e)(2), M.R.Civ.P., states that, in nonjury actions such as the case at bar, the district court "shall accept the master's findings of fact unless clearly erroneous." A party who wishes to challenge a special master's finding of fact must file written objections to the special master's report within ten days after being served with notice that the special master has filed a report. Rule 53 (e)(2), M.R.Civ.P. The objecting party has the burden of proving that the special master's finding of fact is clearly erroneous. *In re Marriage of Doolittle* (1994), 265 Mont. 168, 171-72, 875 P.2d 331, 334.

¶18. We have strictly construed Rule 53(e)(2), M.R.Civ.P., by holding that parties who do not file written objections to a special master's finding of fact within the ten-day period waive their right to object. *In re Marriage of Hays* (1993), 259 Mont. 302, 304, 856 P.2d 227, 229. Beyond this, we ruled in *Doolittle* that objections not made to the district court within the ten-day period will not be considered by this Court on appeal. *Doolittle*, 265 Mont. at 172, 875 P.2d at 334. *See also Hays*, 259 Mont. at 304, 856 P.2d at 229 (explaining that a timely objection to a special master's final report is required to preserve the issue for appeal).

¶19. In the instant case, Roberta asserts that the District Court erred by not considering her Motion for Holding Respondent in Contempt and its accompanying affidavit as her written objections to the Special Master's findings of fact in regard to her disability, the assets in the marital estate, Jack's income, child support, and maintenance. Notwithstanding Roberta's argument, we cannot construe this motion as written objections to the Special Master's Final Report because the record shows that Roberta did not file this motion and its accompanying affidavit as her objections to the Special Master's Final Report. In fact, in this motion, Roberta requested the District Court to toll the time period allowed to respond to the report. Roberta also requested an extension of time to respond to the Special Master's Final Report in a brief filed on October 30, 1996. Roberta noted in this brief that the deadline to object to the Special Master's Final Report had passed and explained that she had not yet responded to the report because of "excusable neglect." Furthermore, at the District

Court hearing on May 7, 1997, Roberta's attorney argued that Roberta did not have a reasonable opportunity to file written objections to the Special Master's Final Report because the Special Master did not file a transcript of the trial with his Final Report. Finally, on May 27, 1997, Roberta filed Petitioner's Brief Against Making Decree Adopting "Conclusions of Law" and "Findings of Fact" of Curtis Thompson, Special Master wherein she objected to the Special Master's suggested findings and conclusions.

¶20. The record, therefore, shows that Roberta did not file her motion to hold Jack in contempt as objections to the Special Master's Final Report. To the contrary, the record shows that Roberta requested the District Court to extend the time in which to file objections to the report and continued to argue for an extension of time to file objections to the report. The record also shows that Roberta filed objections to the report even though the District Court did not grant her request for an extension of time. Accordingly, the District Court did not err in ruling that Roberta failed to file timely objections to the Special Master's Final Report.

¶21. Because Roberta did not file objections to the Special Master's Final Report within the ten-day period as required by Rule 53(e)(2) M.R.Civ.P., she waived her right to object to the report. *Hays*, 259 Mont. at 304, 856 P.2d at 229. Consequently, we will not consider the issues that Roberta raised concerning Jack's income for child support purposes, the distribution of the marital estate, maintenance, or her disability because Roberta did not file timely objections to the Special Master's findings and conclusions regarding those issues, and thus did not preserve those issues for appeal. *Doolittle*, 265 Mont. at 172, 875 P.2d at 334. *See also Hays*, 259 Mont at 304, 856 P.2d at 229.

## Issue 2.

¶22. *Did the District Court err when it appointed a special master to be the settlement master and judge in the trial of this case?*

¶23. Roberta argues that the District Court erred by appointing a special master under Rule 53, M.R.Civ.P., because no exceptional circumstances existed that required the District Court to appoint a special master. In addition, she argues that the District Court erred by requiring the Special Master to sit as the trier of fact in

the case after he had unsuccessfully tried to settle the case. After reviewing the record, we conclude that Roberta failed to preserve these issues for appeal.

¶24. To preserve an issue for appeal to this Court, a party must make a timely and specific objection in the lower court. *C. Haydon Ltd. v. MT Min. Properties, Inc.* (1997), 286 Mont. 138, 154, 951 P.2d 46, 56. We have repeatedly held that this Court will not review issues or theories raised for the first time on appeal. *Kovarik v. Kovarik*, 1998 MT 33, ¶ 27, 55 St.Rep. 117, ¶ 27, 954 P.2d 1147, ¶ 27 (citing *In re Marriage of Binsfield* (1995), 269 Mont. 336, 344, 888 P.2d 889, 894). *See alsoWelch v. Welch* (1995), 273 Mont. 497, 502, 905 P.2d 132, 136. The policy behind these rules is that a district court cannot be placed in error for something that it did not have the opportunity to decide. *Kovarik*, ¶ 27.

¶25. The record in the instant case shows that Roberta did not object to the appointment of the Special Master. Rather, the record suggests that Roberta agreed to have the case tried before the Special Master. The record also shows Roberta did not object to the Special Master sitting as the trier of fact after he had tried to settle the case until after he had issued his Final Report. Thus, we conclude that Roberta did not make a timely objection to the scope of the Special Master's appointment. Accordingly, we will not consider Roberta's argument that the District Court erred by appointing a special master because she raises this issue for the first time on appeal. Moreover, we will not consider her argument regarding the scope of the Special Master's appointment because she failed to make a timely objection in District Court.

## Issue 3.

¶26. *Did the District Court err by awarding custody and visitation without having an independent evaluation of the family conducted to determine the custody arrangement that was in the best interest of the parties' minor child?*

¶27. The District Court did not adopt the Special Master's suggested finding of fact number 7, which states that "[b]oth parties agree that an independent evaluation of the immediate and extended family situations, to the extent that the situation may involve, influence or impact the minor child, should be performed." Roberta contends that the District Court erred by not adopting the Special Master's suggested

finding and by awarding custody and visitation without considering the results of such a study.

¶28. The standard of review for custody and visitation is whether substantial credible evidence supports the district court's judgment. This Court will not overturn a district court's custody or visitation decision unless the court's findings and conclusions clearly demonstrate an abuse of discretion. *In re Marriage of Boyer* (1995), 274 Mont. 282, 288, 908 P.2d 665, 668 (citing *In re Marriage of Hunt* (1994), 264 Mont. 159, 164, 870 P.2d 720, 723). We have stated that "[t]he district court has broad power to address all problems concerning custody and visitation." *Boyer*, 274 Mont. at 288, 908 P.2d at 668.

¶29. The District Court did not adopt the Special Master's finding regarding an independent family evaluation reasoning that Jack and Roberta have litigated this case to the point where both have exhausted almost all of their resources and, therefore, that the expenditure of further funds would be unwise. It is clear that the District Court found the Special Master's recommended finding clearly erroneous because of the cost to Jack and Roberta. The record shows that Jack had trouble paying his attorney's fees on time. Additionally, Roberta has argued that she is unable to pay the money that she owes the Special Master. Consequently, we hold that the District Court did not abuse its discretion when it awarded custody and visitation without having an independent evaluation of the family conducted.

Issue 4.

¶30. *Did the District Court err by requiring Roberta to pay her own attorney's fees and half of the Special Master's fees?*

¶31. Roberta argues that the District Court erred by ruling that each party is to pay their own attorney's fees. She also argues that the District Court erred by requiring her to pay half of the Special Master's fees.

¶32. Section 40-4-110, MCA, permits a district court, after considering the financial resources of both parties, to order one party to pay a reasonable amount for the other party's costs of maintaining a marital dissolution case and for attorney's fees. This Court will not disturb a district court's determination regarding costs and

attorney's fees in a marital dissolution case absent an abuse of discretion. *In re Marriage of Lee* (1997), 282 Mont. 410, 423, 938 P.2d 650, 658 (citing *In re Marriage of Walls* (1996), 278 Mont. 413, 420, 925 P.2d 483, 487). Moreover, in a marital dissolution case, a district court must simply " 'indicate its reasons for refusing to grant attorney[']s fees.' " *In re Marriage of Voelkel* (1987), 226 Mont. 143, 147, 734 P.2d 217, 220 (quoting *In re Marriage of Rolfe* (1985), 216 Mont. 39, 49, 699 P.2d 79, 84).

¶33. Roberta cites *In re Marriage of Skinner* (1989), 240 Mont. 299, 783 P.2d 1350, to support her argument that the District Court erred by ruling that she is to pay her own attorney's fees. In *Skinner*, we upheld an award of attorney's fees because of a "great financial disparity between the parties." *Skinner*, 240 Mont. at 307, 783 P.2d at 1355. *Skinner*, however, is distinguishable from the case at bar.

¶34. Here, the District Court considered the property distribution, the history of this case, and the parties' assets in ruling that Roberta and Jack should pay their own attorney's fees and costs. This is a clear indication of the District Court's reasoning in ruling that each party should pay their own attorney's fees. *See Voelkel*, 226 Mont. at 147, 734 P.2d at 220. Furthermore, unlike the appellant in *Skinner* who could afford to pay the attorney's fees, the record in the instant case shows that Jack had trouble paying his own attorney's fees. Thus, after reviewing the record, we hold that the District Court did not abuse its discretion in requiring each party to pay their own attorney's fees.

¶35. With regard to the Special Master's fees, the District Court noted that Roberta and Jack agreed to have the case heard by a special master. In addition, the record shows that Roberta did not object to paying half of the Special Master's fees until one year after the District Court issued its order stating that Roberta and Jack were to share the Special Master's fee equally. Thus, we hold that the District Court did not abuse its discretion in requiring Roberta to pay half of the Special Master's fees.

## Conclusion

¶36. We hold that the District Court did not err in ruling that Roberta did not file timely objections to the Special Master's Final Report, in awarding custody and visitation without having an independent family evaluation conducted, or in requiring Roberta to pay her own attorney's fees and half of the Special Master's

**fees. Because Roberta did not file timely objections to the Special Master's Final Report, we do not reach the issues regarding Jack's income for child support purposes, the distribution of the marital estate, maintenance, or her disability. Moreover, we will not consider Roberta's argument that the District Court erred by appointing a special master because she raises this issue for the first time on appeal and we will not consider her argument regarding scope of the Special Master's appointment because she failed to make a timely objection in District Court.**

**¶37. Affirmed.**

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER