No. 85-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

DONALD E. SINGER,

          Petitioner and Appellant,

    and

GEORGIA J. SINGER,

          Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin,
            The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelly M. Hogan, Bozeman, Montana

    For Respondent:

        Gregory O. Morgan, Bozeman, Montana

_____

Submitted on Briefs:  May 15, 1986

Decided:  July 15, 1986

Filed: JUL 15 1986

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Donald E. Singer (husband) appeals the findings of fact, conclusions of law and judgment of the Eighteenth Judicial District Court distributing his and his ex-wife's, Georgia J. Singer (wife), marital property. The sole issue raised on appeal is whether the District Court equitably apportioned the marital estate pursuant to § 40-4-202, MCA. We find the apportionment to be equitable and affirm the decision of the trial judge.

Husband filed a petition for dissolution of his marriage in April of 1983. The hearing was held December 4, 1983. At that time, the parties had been married for approximately 35 years. Husband was 55 years of age and a retired civil service employee. His formal education had ended after the eighth grade. Wife was 56 years of age and an elementary education student at Montana State University.

The only income of the parties was passive. Husband received approximately $913.15 a month in retirement benefits. He also worked odd-jobs as a handyman. Pursuant to a stipulation entered into pending dissolution of the marriage, wife received $200 a month maintenance, $375 a month rental income from the parties' California home and $251 a month from a ranch mortgage, for a total of $821 a month. The trial judge later found the expenses of each party to be approximately $1000 a month.

Following the hearing and husband's petition to amend, the trial judge divided the marital estate as follows:

| ITEM | HUSBAND | WIFE |
|------|---------|------|
| California Residence | | $ 50,000.00 |

2

| | | |
|---|---|---|
| Ponderosa Pines Property | $ 12,000.00 | |
| Mobile Home | | $ 8,700.00 |
| Mobile Home Furnishings | | $ 750.00 |
| Coachman Trailer | $ 6,500.00 | |
| Subaru | | $ 850.00 |
| Chevy Pickup | $ 2,200.00 | |
| Ranch Mortgage | | $ 28,500.00 |
| Alliance Stock | | $ 1,000.00 |
| K-Mart Stock | | $ 3,497.00 |
| Tools | $ 1,500.00 | |
| NASA Retirement (70%) | $133,500.00 | |
| NASA Retirement (30%) | | $ 57,331.00 |
| TOTAL | $155,700.00 | $150,628.00 |

Further, husband was ordered to pay $150 a month to wife as maintenance until March of 1987 or her graduation from college, whichever occurs first.

The amount of monthly payments as a result of the division of the parties' assets was determined by the trial judge to be $926 to wife and $700 to husband. Husband disagrees, stating that the judge failed to include wife's maintenance award of $150. Therefore, husband alleges, the monthly payments are actually $1076 to wife and $550 to husband.

Maintenance is an award separate and distinct from the division of marital assets. See §§ 40-4-202 and -203, MCA. Granted, the amount of marital property awarded is to be considered in awarding maintenance. Section 40-4-203(2)(a), MCA. Vivian v. Vivian (1978), 178 Mont. 341, 345, 583 P.2d 1072, 1075. However, wife will receive no maintenance payments after March 1987. The payments are merely a temporary device, established to assist wife in her efforts

3

to support herself. Maintenance for this purpose is clearly permissible. Section 40-4-203(2)(b), MCA. Peckenpaugh v. Peckenpaugh (Mont. 1982), 201 Mont. 314, 319, 655 P.2d 144, 146. In light of wife's devotion of 35 years of her life to husband and their family and wife's efforts to become self-supporting, the maintenance award is certainly not excessive. Nor is it of such magnitude to warrant diminishment of wife's portion of the marital estate.

Husband also alleges error in the trial judge's decision to award wife 30% of husband's retirement benefits. Again, we find no error. Husband accumulated his retirement benefits while married to wife. At the same time, wife was foregoing employment, and the attendant retirement benefits, to raise the family and care for husband. Wife will have been in the work-force for less than ten years when she reaches retirement age. Her retirement benefits will therefore be minuscule. Her past contributions to the family and to husband entitle her to share in husband's retirement security.

Absent a clear abuse of discretion by the trial judge in applying the relevant factors of §§ 40-4-202 and -203, MCA, we will not disturb the trial judge's findings, conclusions and judgment. Reese v. Reese (1979), 185 Mont. 52, 55, 604 P.2d 326, 328. We find no abuse of discretion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

4

John Conway Harrison

John R. Sheehy

L. C. Gulbrandson

Justices