No. 87-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
THOMAS LUISI,

          Petitioner and Appellant,
    and

JAN J. LUISI,

          Defendant and Respondent.

---

APPEAL FROM:  The District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Swanberg, Koby & Swanberg; Gorham E. Swanberg, Great
        Falls, Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver; Joseph G. Mudd,
        Great Falls, Montana

---

Submitted on Briefs:  April 21, 1988

Decided:  June 9, 1988

Filed:  JUN 9  1988

*Ethel M. Harrison*

---
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Thomas Luisi (Tom) appeals from the decree of legal separation ordered by the District Court of the Eighth Judicial District, Cascade County. We affirm.

The issues before the Court are:

1. Did the trial court err by excluding the remaining portion of Jan Luisi's inheritance from the marital estate?

2. Did the trial court err by awarding Jan Luisi 50 percent of the value of Tom Luisi's military pension?

3. Did the trial court fail to accurately value and distribute the marital estate?

4. Did the trial court err by awarding maintenance?

Tom and Jan were married on July 22, 1967 in Setauket, New York. Shortly thereafter, Tom enlisted in the United States Air Force.

Tom has remained in the Air Force throughout the course of the marriage and has achieved a measure of success. At the time of trial, he held the rank of major and earned in excess of $46,000 per year. Tom has also acquired two college degrees, including a Masters, and a pension valued at $460,000 while serving his country. Tom planned on retiring shortly after trial.

The marriage was also blessed with three children. Two of the children were minors at the time of trial. The third was enrolled at Montana State University. Jan spent the majority of the twenty year marriage raising the children and maintaining the family home.

Although Jan has started college classes, she will not receive a degree until June, 1990. In addition, her work experience is extremely limited. The District Court

therefore found that Jan was marginally employable until she completed her education and ordered maintenance of $650 per month until June, 1990. The court also excluded the remainder of Jan's inheritance from the marital estate and awarded her 50 percent of Tom's pension. Of the remaining property, Tom was awarded $98,000 and Jan $52,091. This appeal followed.

The first specification of error concerns the propriety of excluding the remainder of Jan's inheritance from the marital estate. Tom initially argues that the court's failure to recognize his contribution to the maintenance of the inheritance, and the subsequent exclusion of the inheritance from the marital estate, were error. He also finds fault with the court's alleged failure to adequately delineate the assets attributable to Jan's inheritance. We conclude both arguments are without merit.

Generally, property acquired during the course of a marriage, belonging to either or both parties, however acquired, is deemed to be part of the marital estate. See § 40-4-202, MCA. However, the overriding goal of Montana's property division statute is equity. The legislature has therefore provided that in the case of property acquired by gift, bequest, devise, or descent, the court shall, inter alia, consider "the extent to which [the non-acquiring spouse's] contributions have facilitated the maintenance of [the] property" so acquired. Section 40-4-202(1)(b). In the absence of a significant contribution on the part of the non-acquiring spouse, the court remains free to exclude such assets or property from the marital estate. See Marriage of Herron (1980), 186 Mont. 396, 404, 608 P.2d 97, 101; Marriage of Jorgensen (1979), 180 Mont. 294, 299, 590 P.2d 606, 610.

Although Tom testified that he contributed to the maintenance of Jan's inheritance, the evidence demonstrates

the contrary. Jan received, by way of gifts and inheritance, approximately $214,000 from her parents during the late 1970's. However, a significant portion of the inheritance has been spent.

As a result of Tom's failure to provide Jan with a household budget sufficient to adequately feed, cloth and shelter the family, Jan was forced to use her inheritance to meet usual expenses. Tom also failed to provide Jan with any support during the pendency of this proceeding. It is apparent that such conduct is not conducive to the maintenance of the inheritance. We therefore conclude that the District Court correctly excluded the remainder of Jan's inheritance from the marital estate.

In the alternative, Tom argues that the court failed to adequately identify property subject to the inheritance exclusion. Specifically, that the court failed to make a finding of fact listing the inheritance assets. While we agree that a separate finding of fact specifically listing the property derived from Jan's inheritance is the preferred method of excluding property in such cases, we do not find the failure to make such a finding to be reversible error in this instance.

Following the presentation of extensive evidence on the extent, value and source of property held by the parties, the District Court made findings delineating and distributing the property contained within the marital estate. The court also made detailed findings distributing personal property in conformance with a stipulation between the parties and found that $124,666.13 remained of Jan's inheritance. In light of the court's detailed findings, the assets the court deemed to be subject to the inheritance exclusion are clearly discernible. We therefore find no error.

The second specification of error concerns the equal division of the present value of Tom's military pension. The crux of Tom's argument is that it is inequitable to exclude the income generating property contained within Jan's remaining inheritance and also award Jan a 50 percent interest in Tom's pension. However, it is not the function of this Court to conduct de novo determinations of equity. Absent a clear error in the findings, the award of property made by the District Court must be upheld. Rule 52(a), M.R.Civ.P.; In Re Marriage of Loegering (Mont. 1984), 689 P.2d 260, 41 St.Rep. 1892; Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205.

Tom and Jan's marriage spanned 19 of the 20 years the military pension was accruing. During that time, Jan was foregoing employment, and the attendant retirement benefits, in order to raise the couple's children and maintain the family home. In addition, Jan's contribution as a homemaker helped Tom acquire two college degrees and a significantly higher earning capacity than her own. Under such circumstances, we do not find the equal division of Tom's pension to be a clear abuse of discretion. See, e.g. In Re Marriage of Kecskes (Mont. 1984), 683 P.2d 478, 41 St.Rep. 1170.

The third specification error alleges that the District Court improperly valued and distributed the marital estate. However, Tom in essence, merely attaches his proposed valuation on property, the majority of which the court determined to be subject to the inheritance exclusion, and argues that the court failed to adequately value and distribute the property. In light of our holding on the identification of property contained within Jan's inheritance, we limit our discussion to the issue of valuation.

Generally, the District Court is vested with wide discretion in the performance of its duty to achieve an equitable distribution of property in dissolution proceedings. Contrary to Tom's position, the court is not bound by the opinion of a particular party or expert. Rather, the court remains free, in its discretion, to adopt any reasonable valuation of property which is supported by the record. See In Re Marriage of Hurly (Mont. 1986), 721 P.2d 1279, 1285, 43 St.Rep. 1271, 1278; In Re Marriage of Garst (1983), 206 Mont. 89, 669 P.2d 1063.

Upon review of the record, we find that the valuations employed by the District Court are supported by substantial credible evidence. We therefore affirm the District Court's valuation and distribution of the marital estate.

Finally, it is argued that the award of maintenance was reversible error. We disagree.

Generally, the award of maintenance is not favored in states, such as Montana, which have adopted the Uniform Marriage and Divorce Act. The intent of the drafters, as demonstrated by the Commission Comments to § 40-4-203, MCA, indicates a desire to "encourage the court to provide for the financial needs of the spouses by property disposition rather than an award of maintenance." Commission Comments, Montana Code Annotated Annotations, Vol. 5, pg. 126; see also In Re Marriage of Johnsrud (1977), 181 Mont. 544, 572 P.2d 902. However, the practical reality of the myriad of diverse factual situations confronted by district courts often precludes strict adherence to the policy regarding maintenance while achieving the overriding goal of an equitable dissolution. Consequently, the court must first equitably distribute the marital property. Any additional needs of a spouse are then addressed through maintenance. Johnsrud, supra.

As a condition precedent to an award of maintenance, the court must find that the spouse seeking maintenance "lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment." Section 40-4-203(1), MCA; see also In Re Marriage of Schenck (Mont. 1984), 692 P.2d 6, 41 St.Rep. 2137; In Re Marriage of Hilt (Mont. 1984), 679 P.2d 783, 41 St.Rep. 604. Although the District Court specifically found that Jan satisfied the statutory criteria, Tom argues that such findings were error. Specifically that Jan's inheritance provides sufficient income producing property and that Jan can find appropriate employment to meet her reasonable needs.

We yet again note that this Court's function on appeal is limited to a determination of whether the findings of the court are clearly erroneous. In contrast, the discretion vested in the District Court is necessarily as broad as ours is limited. In Re Marriage of Tow (Mont. 1987), 748 P.2d 440, 44 St.Rep. 2154. Given the limited duration of the maintenance award, we do not find the District Court clearly in error.

The term "sufficient property," as used in § 40-4-203, MCA, has been interpreted by this Court to mean income producing property. See Tow, supra; Bowman v. Bowman (Mont. 1981), 633 P.2d 1198, 38 St.Rep. 1515. In addition, "this Court has held that 'appropriate employment' . . . must be determined with relation to the standard of living achieved by the parties during the marriage." In Re Marriage of Madson (1978), 180 Mont. 220, 590 P.2d 110. Section 40-4-203, MCA, when read in conjunction with the construction given it by this Court, mandates that an award of maintenance is appropriate when a spouse is unable achieve a similar standard of living after dissolution, and the other

spouse is able to meet his or her own needs as well as pay maintenance.

In the instant case, Jan testified that her necessary monthly living expenses amounted to $1,492. However, substantial credible evidence demonstrated that the assets awarded to Jan, including annuities held in trust for the couple's children and a final installment from her trust, would produce $761.11 per month. In addition, the District Court determined that Jan was only marginably employable until she completed her education. In light of Tom's earning capacity and Jan's inability to support herself, the award of maintenance until such time as Jan completes her college degree is clearly within the court's discretion. See, e.g. In Re Marriage of Voelkel (Mont. 1987), 734 P.2d 217, 44 St.Rep. 538; In Re Marriage of Singer (Mont. 1986), 721 P.2d 755, 43 St.Rep. 1242; and Bowman, supra.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices