NO. 93-050

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

NORMAN R. SILVERMAN,

    Petitioner and Appellant,

  and

MARCIA M. SILVERMAN,

    Respondent and Respondent.

FILED

JUL 13 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Craig R. Buehler, Lewistown, Montana

    For Respondent:

      Torger S. Oaas, Lewistown, Montana

Submitted on Briefs:  June 1, 1993

Decided:  July 13, 1993

Filed:

Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

Norman Silverman appeals from the portion of the decree dissolving his marriage to Marcia Silverman which requires him to pay her maintenance. We affirm the decree entered by the District Court for the Tenth Judicial District, Fergus County.

The issue is whether the court erred in awarding maintenance to Marcia Silverman.

The parties were married in 1986 and separated in July 1990. No children were born of their union, although both have children from previous marriages.

Norman Silverman, who was fifty-three years old at the time of the dissolution, is a physician specializing in radiology. Marcia Silverman, who was thirty-seven years old at the time of the dissolution, was employed prior to the marriage selling X-ray and diagnostic medical equipment. During the marriage, the parties moved to Lewistown, Montana, where Norman ran the radiology department at the local hospital. Norman's income rose from $40,000 in 1986 to $385,000 in 1990. After moving to Lewistown, Marcia did not seek employment outside the home, but served as a homemaker, mother, and civic volunteer.

When the parties separated, Marcia moved back to Arizona, where she had lived prior to this marriage. She became re-employed in her field with an annual base salary of $24,000. Norman moved to Texas, where he contracted to supply radiology services to a rural hospital for approximately $400,000 per year.

The District Court found that the parties had marital assets worth $903,000 and debts of $727,900. The assets included two homes in Lewistown and one in Eagle Bend, outside Bigfork, Montana. The court further found that the vast majority of the net worth of $175,000 was acquired during the marriage. It divided the net worth precisely in half, requiring payment by Norman to Marcia of $72,500 in cash. Marcia was also awarded the equity in a home in Phoenix, Arizona, which she had owned prior to the marriage. The court ordered Norman to pay Marcia, in addition, maintenance of $1,000 per month for two years.

Norman appealed. In an unpublished opinion, this Court made minor modification to the District Court's property and debt division and remanded the maintenance issue for consideration of the requirements of § 40-4-203(1)(a) and (b), MCA. On remand, the District Court found:

> The court in making this decision is aware that wife was reemployed at the time of trial and would receive an award of marital property.
>
> However, as noted in the original memorandum opinion wife was to immediately incur debts of $34,000.00 associated with her move to Phoenix, Arizona where she was employed. Considering the threshold requirements under 40-4-203(1)(a) and (b), the District Court specifically finds that wife's earnings and property are insufficient to meet her reasonable needs in light of these debts. Therefore, husband shall pay wife maintenance in the amount of $1,000.00 per month over a two-year adjustment period.

Norman now appeals from the order in which that finding was made.

3

Did the court err in awarding maintenance to Marcia Silverman?

Norman initially questions the court's finding that Marcia incurred expenses of $34,000 in relocating to Arizona. In its original findings, the District Court stated that Marcia had to borrow $8,000 to pay expenses of her move back to Phoenix, purchase a new car for $16,000 (Norman kept both of the marital vehicles), and would be required to expend $10,000 to conduct necessary repairs to her Phoenix home. These figures are supported in Marcia's testimony and were not contradicted on cross-examination or in the testimony of other witnesses.

Norman's chief argument is that Marcia is not eligible for maintenance under the standard set forth at § 40-4-203(1)(a) and (b), MCA. That statute provides, in applicable part:

> (1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) lacks sufficient property to provide for his reasonable needs: and
>
> **(b)** is unable to support himself through appropriate employment . . . .

Norman points out that, after the dissolution as modified by this Court, Marcia had a job, a home with $15,000 in equity, $64,650 in cash, and other personal property. He maintains the finding that she lacks sufficient property to provide for her reasonable needs and is unable to support herself with suitable employment is clearly erroneous, misapprehends the facts, and is a mistake.

4

The statutory requirements for maintenance must be viewed with relation to the standard of living achieved by the parties during the marriage. In re Marriage of Madson (1979), 180 Mont. 220, 224-25, 590 P.2d 110, 112. Further, the diverse fact situations in marital dissolutions sometimes justify deviation from the rule disfavoring maintenance, in the interest of an equitable dissolution. In re Marriage of Luisi (1988), 232 Mont. 243, 247, 756 P.2d 456, 459. This Court therefore grants wide discretion to district courts in determining whether maintenance is proper. Luisi, 756 P.2d at 459.

The terms "reasonable needs" and "suitable employment" in the statement of prerequisites for an award of maintenance under § 40-4-203(1), MCA, allow room for discretion in tailoring a dissolution decree to the particular facts before the court. The record demonstrates that Norman and Marcia maintained a luxurious standard of living during their marriage and that Norman's level of income continues to be extremely high. It also demonstrates Marcia's relatively modest level of income post-dissolution and the substantial expenses related to her move back to Arizona to resume employment. In light of these factors, we conclude that the court did not err in awarding maintenance for a limited duration.

Affirmed.

_____
Chief Justice

We concur:

_John Conway Harrison_

_William E. Hunt Sr._

_____

_____

_____

Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

By statute, maintenance is only permitted if Marcia lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment. Neither condition is established by the record in this case. The majority has, therefore, simply established its own standard for maintenance. To do so ignores the proper judicial role of simply applying statutory law as written. Therefore, I dissent from the majority opinion.

_____
J stice

Justice Karla M. Gray, dissenting.

I respectfully dissent from the opinion of the Court, which attempts to resolve this dispute on the basis of a continued void in the District Court's findings on the maintenance issue. I would remand for the entry of sufficient findings with regard to Marcia's "reasonable needs" and "suitable employment" vis-a-vis the maintenance issue.

This is the second time this case has been before the Court. In an unpublished opinion in the first appeal, we modified and otherwise affirmed the District Court's determination of the value of the marital estate, vacated the award of maintenance and remanded for consideration of the statutory requirements contained in § 40-4-203(1)(a) and (b), MCA. We stated that the statute

> requires that the court find that a spouse lacks
> sufficient property to provide for her reasonable needs
> or is unable to support herself through appropriate
> employment. The court made no such finding in this case.

We noted that Marcia's then-current earnings were determined by the court, but that "[i]t is not apparent from the findings that the threshold requirements of § 40-4-203(1)(a) and (b), MCA, were considered in this case."

On remand, the court found "that the original award of maintenance is still valid." It stated that it considered the statutory requirements and specifically "found" that Marcia's "earnings and property are insufficient to meet her reasonable needs in light of [certain debts incurred in her post-dissolution relocation to Arizona]." The District Court made no findings whatsoever regarding Marcia's living expenses and reasonable needs or to what extent those needs were unmet by her property and

8

income. It merely made a conclusory statement that the statutory requirements were met.

I recognize that the district courts of Montana labor under an ever-increasing workload with insufficient staff and other resources. While this Court should not impose unnecessarily onerous requirements, we must require trial courts to provide sufficient findings on dispositive matters to enable us to properly exercise our appellate review. It is my view that the District Court's opinion on remand does not meet the intent of our original remand: nor does it provide sufficient findings for the appropriate exercise of appellate review by this Court.

In this instance, the void left by the District Court results in an opinion by this Court that does not--because it cannot, based on the trial court's opinion--apply the statutory requirements for entitlement to maintenance in determining whether the District Court erred in awarding maintenance. Rather than remand a second time, the Court apparently prefers to "find a way" to affirm and finally be done with this case. As a result, the Court's opinion at very least appears to ignore the legislatively-enacted policy that maintenance is disfavored in Montana and to undercut the clear statutory requirements for entitlement to maintenance. I disagree that it is appropriate to do either. I would remand for the entry of findings adequate to support the District Court's conclusion that Marcia is entitled to maintenance.

_____
Justice

9

July 13, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Craig R. Buehler
Attorney at Law
505 W. Main St., Ste. 210
Lewistown, MT 59457

Torger S. Oaas
Attorney at Law
P.O. Box 76
Lewistown, MT 59457


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy