No. 93-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

BARBARA K. BARTZ,

     Petitioner and Respondent,

  and

GARY C. BARTZ,

     Respondent and Appellant.

**FILED**

APR 12 1994

*Ed Smith*
CLERK OF SUPREME COURT.
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Clinton H. Kammerer, Kammerer Law Offices,
        Missoula, Montana

    For Respondent:

        Byron W. Boggs, Attorney at Law,
        Missoula, Montana

Submitted on Briefs:  April 7, 1994

Decided:  April 13, 1994

Filed:

Clerk

Justice William E. Hunt. Sr., delivered the opinion of the Court.

Appellant Gary Bartz appeals from the Fourth Judicial District, Missoula County, regarding the District Court's division of marital assets and award of maintenance to petitioner Barbara Bartz.

We affirm.

The issues on appeal are:

1. Did the District Court err in failing to consider the net worth of the parties before dividing the property and debts?

2. Did the District Court err in awarding maintenance to petitioner?

Gary and Barbara were married for 16 years with no children born during the marriage. During the marriage, the parties acquired equipment, personal property, and two parcels of land in Potomac, Montana. The parties submitted personal property values to the special master. Gary's estimate was $52,769.62, and Barbara's estimate was $65,855.62. Both parties omitted Gary's Champion retirement account providing a yearly annuity of $1,548 when Gary reaches age 65. The parties agreed marital debts totaled $39,248.

After the special master submitted her recommendations to the District Court, a hearing was held wherein Gary disputed these recommendations, arguing that the special master failed to adequately consider the net worth of the marital estate resulting in an inequitable property division to him.

2

The District Court adopted the special master's findings that Gary's logging business provided an estimated 1992 gross income of approximately $75,000, with a net income of approximately $25,000, and Barbara presently earns approximately $750 per month, plus $2,000 per year in tips as a bartender in Potomac. The court also found that during Gary's self-employment, the parties' income gradually increased over the past five years from $5,644 in 1988, to $35,907 in 1991, and beginning in 1986, Barbara managed the books for Gary's logging business and worked inside the home as a homemaker.

Gary was awarded real and personal property totaling between $47,000 and $52,604, the Champion retirement account totaling $3,500, and debts totaling $28,693. The court awarded Barbara real and personal property totaling $45,165.31, debts totaling $13,773.56, and awarded her $400 monthly maintenance for 24 months.

Gary appeals.

## ISSUE 1

Did the District Court err in failing to consider the net worth of the parties before dividing the property and debts?

The District Court provided values and debts owed for both real and personal property. The first parcel of the real property was valued at $32,500, which includes a mobile home, shop, and property improvements, and had no debt attached; however, $3,218.56 remained on a loan acquired to construct the shop on the parcel. The second parcel was unimproved and was valued at $12,500, with a $6,000 debt attached. Gary's equipment necessary to his logging

3

business was valued at $35,380. In Finding of Fact No. 23, the court stated that the total personal property value was between $52,769.62 and $65,855.62, "depending upon whose calculations the court accepts." Total marital debts were $39,248. The court also adopted the following findings of fact for the property distribution and debt allocation to Barbara:

```
ASSETS:
Marital home and five acre tract     $32,500.00
Personal property from Exhibit "A"   $12,665.31
                     Total assets:   $45,165.51
DEBTS:
Loan to construct shop               $ 3,218.56
Debts                                $10,055.00
                     Total debts     $13,773.56
```

The court adopted the following findings of fact for property distribution for Gary, providing both Gary's and Barbara's estimated values for the personal property.

Gary's estimates:

```
ASSETS
Five acre tract (unimproved)         $12,500.00
Personal assets from Exhibit "A"     $ 4,724.31
Business assets from Exhibit "A"     $35,380.00
                     Total assets:   $52,604.31

DEBTS:
Debts                                $28,693.00
```

Barbara's estimates:

```
ASSETS
Five acre tract (unimproved)         $12,500.00
Personal assets from Exhibit "A"     $ 6,190.31
Business assets from Exhibit "A"     $47,000.00
                     Total assets:   $65,690.31

DEBTS:
Debts                                $28,693.00
```

4

Gary was also awarded the Champion retirement which he valued at $3,500.

Gary argues that the District Court failed to compute net worth before dividing the property because the District Court did not state the marital estate net value in its findings of fact, and in failing to do so, Barbara was awarded the entire estate. We disagree.

The district court must distribute the marital property fairly by using common sense; when the court's judgment is based on substantial credible evidence, this Court will uphold that decision unless there is clear abuse of discretion. Marriage of Scoffield (1993), 258 Mont. 337, 342, 852 P.2d 664, 668. Before dividing the marital estate, the court is required to make findings of fact on all marital assets and liabilities from which can be established a net worth of the marital estate. Marriage of Dirnberger (1989), 237 Mont. 398, 773 P.2d 330. We do not require the exact net worth amount to be stated in the findings of fact where "the cumulative effect of the findings can be equivalent to a finding of net worth when relevant factors are considered and adequately set forth by the trial court." Marriage of Skinner (1989), 240 Mont. 299, 304, 783 P.2d 1350, 1353 (quoting Marriage of Hunter (1982), 196 Mont. 235, 245, 639 P.2d 489, 494).

Before dividing the marital estate, the District Court considered both parties' personal property estimates and found that the total personal property value was between $52,769.62 and $65,855.62, and found debts totaled $39,248. In doing so, the

5

court considered relevant factors and adequately set forth these findings sufficient to allow a finding of net worth.

Gary was awarded real property worth $12,500, including the debt of $6,000, resulting in a net value of $6,500. If Gary's personal property values are used, then he received personal property worth $40,104.31. He was allocated debts totaling $22,693, resulting in a personal property net value to Gary of $17,411.31, with a net total of $23,911.31, which is increased to $27,411.31 after adding his $3,500 Champion retirement account. If Barbara's values for the personal property are used, Gary receives real and personal property with a net value of $36,997.31, plus the Champion Retirement of $3,500, for a net total of $40,497.31. Depending on which personal property value is used for the personal property awarded to Gary, he receives slightly less or more than Barbara. We hold that the District Court considered the net worth of the marital property before dividing the property.

Gary next argues that he received an inequitable property division. We disagree.

No formula exists to determine exact distributions and each case is decided on its own merits, therefore, a court is not required to make a 50/50 division of the marital estate if the distribution would be inequitable. Marriage of Herron (1980), 186 Mont. 396, 401-02, 608 P.2d 97, 100. Here, the marital estate consisted of three large assets: the real property with the marital home, the undeveloped real property, and the logging business. The remaining personal property was divided by the parties. The only

6

income producing asset was the logging business. The court awarded Gary the logging business, which is reasonable because he has the skill necessary to continue the logging business. After awarding Gary the income producing asset, and to fairly apportion the remaining real property, the court awarded Barbara the real property with the marital home, and Gary the undeveloped real property. The court's division of the marital property was based on substantial credible evidence. We hold that the court did not abuse its discretion when it determined the marital property division.

## ISSUE 2

Did the District Court err in awarding maintenance to petitioner?

The District Court awarded maintenance to Barbara, stating that although she was awarded a portion of the real and personal property, she still lacks sufficient property to provide for her reasonable needs with her monthly income of $750 and her monthly expenses of $780. The court found that since Gary's gross income increased to $75,000 in 1992, and his monthly expenses were $3,435.56, he has the financial ability to assist Barbara in her transition from their married life to life as a single person. The court ordered that Gary would pay Barbara monthly maintenance of $400 for 24 months.

Gary argues that the District Court erred in awarding maintenance because it did not make its findings pursuant to § 40-4-203, MCA. He asserts that Barbara's testimony reveals she

7

is capable of earning more than the court determined because in years prior to 1991 she was earning more than Gary in his new logging business, and that she presently has the following job skills, including her job as a bartender: certified central processing technician; motel maid; and bookkeeper. He also argues that he is unable to pay her $400 monthly maintenance because he was given debts of approximately $29,000 which must be paid on a monthly basis. Gary contends the evidence reveals that the District Court's decision was an abuse of discretion resulting in substantial injustice. We disagree.

The standard of review for maintenance is whether there is a clear abuse of discretion resulting in substantial injustice. Marriage of Loegering (1984), 212 Mont. 499, 689 P.2d 260.

Section 40-4-203(1)(a) and (b), MCA, provides in pertinent part:

> (1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
> (a) lacks sufficient property to provide for his reasonable needs; and
> (b) is unable to support himself through appropriate employment . . . .

When applying the factors in § 40-4-203, MCA, to determine whether to grant maintenance, the district court considers the standard of living achieved by the parties during the marriage. Also, maintenance may be used to gain equitable distributions in the many diverse fact situations within marital dissolutions, thus

8

wide discretion is granted to the court. Marriage of Silverman (1993), 259 Mont. 337, 340, 856 P.2d 533, 535.

In Silverman, this Court upheld the district court's award of maintenance to the wife, although she was employed and was awarded the family home with $15,000 in equity, $64,650 in cash, and other personal property for the following reasons: the parties had maintained a luxurious standard of living while they were married; the husband's income continued to be quite high while the wife's income was modest; and the wife had incurred substantial expenses by her move back to Arizona to resume employment. Silverman, 856 P.2d at 535.

Here, Gary testified that the couple enjoyed a comfortable lifestyle due to the income from the logging business. Gary, having been awarded the income-producing asset, could continue to earn at least $25,000 in net income per year from the logging business, and also has retirement sources, such as social security and the Champion retirement account. Barbara, on the other hand, would have to support herself with a net income of $5,000 to $6,000 per year with little social security benefits and without any other supplements. The District Court found that Barbara did not receive sufficient property to provide for her reasonable needs and that any possibility of wage increase by locating employment in Missoula, would be diminished by commuting expenses from Potomac to Missoula. After 16 years of marriage, the $400 award of maintenance for two years is reasonable in light of all the

9

circumstances.    Beyond these two years Barbara is left to her own devices.

We hold that the District Court did not abuse its discretion in awarding $400 maintenance for the two year period.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

10

June 7, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Clinton H. Kamerer
Kammerer Law Offices, P.C.
101 E. Broadway, Ste. 200
Missoula, MT  59802

Byron W. Boggs
Attorney at Law
336 Ryman
Missoula, MT  59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy