No. 95-082

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF:

GEORGE G. FRANKS,

    Petitioner and Respondent
and Cross Appellant,

and

BONNIE J. FRANKS,

    Respondent and Appellant.

FILED

JAN 18 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Kerry N. Newcomer, Geiszler & Newcomer, Missoula,
Montana

    For Respondent:

        Paul T. Ryan, Datsopoulos, MacDonald & Lind,
Missoula, Montana


Submitted on Briefs: November 14, 1995

Decided: January 18, 1996

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Bonnie J. Franks (Bonnie) appeals and George G. Franks (George) cross appeals from the denial of Bonnie's Motion to Vacate Settlement Agreement and subsequent rulings of the District Court for the Fourth Judicial District, Missoula County. We affirm in part, reverse in part and remand.

Bonnie raises the following issues on appeal:

1. Did the District Court abuse its discretion when it refused to allow Bonnie to withdraw from the March 18, 1994 settlement agreement?

2. Did the District Court abuse its discretion when it found the March 18, 1994 settlement agreement not unconscionable over Bonnie's objection?

3. Did the District Court abuse its discretion when it failed to award child support retroactive to the date the parties separated, subject to the statute of limitations?

George raises two additional issues in his cross appeal:

4. Did the District Court abuse its discretion when it awarded child support to Bonnie contrary to the parties' March 18, 1994 settlement agreement?

5. Did the District Court abuse its discretion when it reformed a valuation of an asset in the March 18, 1994 settlement agreement without a finding of unconscionability?

BACKGROUND FACTS

Bonnie and George separated in January 1982 after 21 years of marriage. Although their eldest child had reached the age of

2

majority by the time of their separation, Bonnie and George also had one minor child and were expecting another child.

When Bonnie and George separated, Bonnie was employed as an elementary school teacher in Lolo and George was employed as a millwright at what is now the Stone Container Corporation paper mill near Frenchtown. Bonnie retired from her employment at the Lolo school in 1991. She subsequently taught for a time at St. Joseph Elementary School in Missoula, but she is unable to continue teaching due to health problems.

Prior to their separation, Bonnie and George had acquired a motel and two trailer parks in addition to their residence. At the time of their separation, Bonnie and George entered into an oral property settlement agreement whereby Bonnie was to retain the residence, the motel and the trailer parks. In addition to paying the marital debt, Bonnie managed, maintained and improved the properties over the next few years. George did not contribute toward the development or maintenance of the properties. Neither did he pay child support for the parties' two minor children. Bonnie sold the motel in June 1982 and retained the proceeds.

In September 1993, more than eleven and one-half years after Bonnie and George separated, George filed a petition for dissolution. George sought a determination of current child support and his interest in the residence and trailer parks. Bonnie requested current child support for the parties' one remaining minor child, as well as child support retroactive to the date of the parties' separation. She also requested ratification

3

of the parties' 1982 oral property settlement agreement.

At a pre-hearing settlement conference on March 18, 1994, the parties signed a hand-written agreement containing provisions for the final disposition of the parties' property and debt. The agreement stipulated that Bonnie was to receive the majority of the parties' assets and, in return, George would receive $50,000 in cash from Bonnie and he would not be required to pay child support.

The next business day following the settlement conference, Bonnie attempted to withdraw from the agreement claiming that the settlement master and both attorneys were overbearing and intimidating and that she had been confused and overwhelmed by the process. Bonnie discharged her attorney claiming that he failed to provide her with various documents including discovery responses and that he failed to inform her of the court's scheduling order.

At a June 1, 1994 hearing before the District Court, Bonnie's new counsel moved to withdraw from the settlement agreement, reinstitute a discovery schedule and proceed to trial. The District Court issued an order on June 7, 1994, denying the motion.

On July 8, 1994, the District Court conducted a hearing on Bonnie's allegations that the settlement agreement is unconscionable. Each party was allowed one hour to present testimony and conduct cross examination. Both Bonnie and George testified at the hearing.

The District Court issued its Findings of Fact, Conclusions of Law and Decree on August 17, 1994, whereby the court implemented the parties' settlement agreement after finding that it was not

unconscionable. However, in its decree, the court modified the agreement to include child support, to revalue stock held by George, and to include a Lord Abbott U.S. Government Fund that had not previously been disclosed by George. The District Court subsequently amended its findings, conclusions and decree to correct certain mathematical and other errors.

On October 6, 1994, George moved the court to alter or amend its decree to exclude the Lord Abbott fund and deny child support. The court did amend the decree with respect to the Lord Abbott fund, but left the award of child support unchanged.

Bonnie appeals the District Court's denial of her motion to vacate the settlement agreement. She also appeals the District Court's determination that the agreement is not unconscionable. George cross appeals on the District Court's modification of the agreement to include child support and to revalue the stock.

## SETTLEMENT AGREEMENT

Bonnie moved to vacate the settlement agreement contending that she felt intimidated at the settlement conference and that George failed to disclose all of his assets. She argued that these and other factors made the agreement unconscionable. The District Court denied Bonnie's motion and accepted the written agreement determining that, with the inclusion of certain "adjustments for undisclosed and undervalued property," the agreement was not unconscionable.

The terms of a separation agreement, except those providing for the support, custody and visitation of children, are binding

5

upon the court unless the court finds the agreement to be unconscionable. Section 40-4-201(2), MCA. If the separation agreement is found to be unconscionable, then the court may request that the parties submit a revised separation agreement or the court may order the disposition of property. Section 40-4-201(3), MCA. Consequently, it was reversible error for the District Court to modify the parties' agreement without finding the agreement unconscionable. In re Marriage of Blankenship (1984), 210 Mont. 31, 35, 682 P.2d 1354, 1356.

Bonnie also contends that the District Court erred in failing to enforce the parties' 1982 oral property settlement agreement. However, this Court has already held that oral marital settlement agreements are unenforceable as property settlement agreements. In re Marriage of Simms (1994), 264 Mont. 317, 321, 871 P.2d 899, 901-2.

Accordingly, we hold that the District Court erred by modifying the parties' settlement agreement without finding it to be unconscionable and we remand to the District Court for a determination of whether or not the agreement is unconscionable. If the District Court finds that the agreement is conscionable, then it must be enforced as written, excluding provisions for support, custody and visitation of the parties' children. If the District Court finds that the agreement is unconscionable, then the court may proceed pursuant to § 40-4-201(3), MCA, and either request that the parties submit a revised separation agreement or the court may order the disposition of property.

CHILD SUPPORT

In the March 18, 1994 settlement agreement, the parties stipulated that George would not be required to pay child support for the parties' minor child. However, the District Court ordered George to pay $435 per month in child support to Bonnie effective September 2, 1993.

George contends it was error to award child support to Bonnie contrary to the parties' settlement agreement since Bonnie received a majority of the parties' assets. Nevertheless, the terms of a separation agreement providing for the support, custody, and visitation of children are not binding upon the court. Section 40-4-201(2), MCA. Moreover, our statutory and case law provide that the Uniform Child Support Guidelines must be used in all cases. Section 40-4-204(3)(a); Brandon v. Brandon (Mont. 1995), 894 P.2d 951, 953, 52 St.Rep. 381, 382.

In her response to the petition for dissolution, Bonnie requested child support retroactive to the parties' separation in 1982. However, the District Court awarded child support effective September 2, 1993, the date of the petition for dissolution. Bonnie contends that the District Court abused its discretion in failing to award retroactive child support.

"In determining child support retroactivity, we will not disturb the award made by the District Court unless a clear abuse of discretion resulting in substantial prejudice is shown." In re Marriage of Nash (1992), 254 Mont. 231, 236, 836 P.2d 598, 602 (citing In re Marriage of DiPasquale (1986), 220 Mont. 497, 499,

7

716 P.2d 223, 224).

Bonnie has failed to show that she has been substantially prejudiced by the District Court's determination not to award child support retroactive to 1982. Bonnie had the benefit of the parties' income-producing property during the eleven years that she and George were separated.

Accordingly, we hold that the District Court did not abuse its discretion by awarding child support to Bonnie contrary to the parties' settlement agreement and by awarding child support effective September 1993.

Affirmed in part, reversed in part and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8