No. 99-682

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 123N

IN RE THE MARRIAGE OF

GARY DANIEL EDGAR,

Petitioner and Appellant,

and

MERRY LOUISE EDGAR,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Raymond P. Tipp, Tipp and Buley, Missoula, Montana

For Respondent:

Victor F. Valgenti, Attorney at Law, Missoula, Montana

Submitted on Briefs: April 6, 2000
Decided: May 4, 2000

Filed:

_____

Clerk


Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Gary Edgar appeals a post-dissolution order of the Fourth Judicial District Court, Missoula County, modifying the marital property and settlement agreement and decree in this dissolution of marriage. We affirm.

¶3 The issues are whether the modification order is invalid because the District Court did not make a finding that the previous agreement was unconscionable, and whether the court erroneously assigned an arbitrary value to the marital home.

## Issue 1

¶4 Is the modification order invalid because the District Court did not make a finding that the previous agreement was unconscionable?

¶5 In *In re Marriage of Franks* (1996), 275 Mont. 66, 909 P.2d 712, we considered the issue of whether the district court erred by modifying the terms of the parties' marital settlement agreement. We quoted the provision of § 40-4-201(2), MCA, that the terms of a separation agreement are binding upon a court unless the court finds the agreement unconscionable. We held that it was reversible error for the district court to modify the agreement without finding it unconscionable. *Franks*, 275 Mont. at 70, 909 P.2d at 714.

Relying on *Franks*, Gary asserts that the District Court's order was invalid because it did not include an express finding that the property settlement agreement was unconscionable.

¶6 Although Gary contends he did not seek a modification of the decree of dissolution, his request to be allowed to retain the marital home did in fact represent a request for modification of the property settlement agreement. Merry, of course, explicitly requested a modification of the agreement. The undisputed evidence was that she was unable to make the house payments.

¶7 We hold that under these circumstances, where both parties in effect asked the court to modify a provision of the property settlement agreement, it was

not reversible error for the District Court to modify the decree without making an express finding that the previous property settlement agreement was unconscionable.

Issue 2

¶8 Did the court erroneously assign an arbitrary value to the marital home?

¶9 Gary's second argument on appeal is that the District Court erred in failing to obtain any evidence concerning the actual or appraised fair market value of the family home. The court did not actually determine a value for the marital home in its supplemental decree; rather it ruled that Merry must convey to Gary her interest in the home and that Gary must assume all indebtedness against the home and pay Merry $40,000 for her equity in the home in lieu of maintenance. Gary protests that ruling.

¶10 A district court has broad discretion in determining the value of property in a dissolution. *In re Marriage of Milesnick* (1988), 235 Mont. 88, 94, 765 P.2d 751, 755. "Its valuation can be premised on expert testimony, lay testimony, documentary evidence, or any combination thereof." *Milesnick*, 235 Mont. at 94, 765 P.2d at 755. "The court is free to adopt any reasonable valuation of marital property which is supported by the record." *In re Marriage of Rada* (1994), 263 Mont. 402, 405, 869 P.2d 254, 255-56 (citing *In re Marriage of Luisi* (1988), 232 Mont. 243, 756 P.2d 456). "As long as the valuation is reasonable in light of the evidence submitted, we will not disturb the finding on appeal." *Milesnick*, 235 Mont. at 95, 765 P.2d at 755 (citing *Luisi*, 232 Mont. at 247, 756 P.2d at 459).

¶11 The court noted in its order that under the original property settlement agreement, it appeared the home equity payable to Merry would have been between $40,000 and $50,000. After the dissolution, an additional $28,000 encumbrance was placed on the house for a loan to the parties' son. The court specifically found that the parties had no right to incur this indebtedness against the property and that it was incurred at Gary's request. The court ordered that Gary was entitled to the son's reimbursement payments for this loan.

¶12 Using the $160,000 projected value of the marital home as suggested in Gary's affidavit, and subtracting the deductions set forth in his affidavit with the exceptions of the loan to the parties' son and a real estate commission, would yield a net equity to Merry of $41,384. We hold that the court did not erroneously assign an arbitrary value to the marital home, and that the court's adoption of $40,000 as the amount Gary must pay Merry for her equity in the home is reasonable.

¶13 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART